G. A. AMELSBURG, Appellee, v. B. I. LUNNING, Appellant.

No. 46450.

JUNE 6, 1944.

Frank W. Senneff, of Britt, and John A. Senneff, of Mason City, for appellant.

Thompson & Weible, of Forest City, for appellee.

WENNERSTRUM, J.— Plaintiff, in an action at law, sought damages for injuries received as the result of an intersection collision between an automobile which he was driving and one driven by the defendant. The issues presented by the pleadings and the evidence were submitted to a jury, which returned a verdict in favor of the plaintiff. The court overruled the defendant's motion for a new trial and exceptions to instructions and judgment was thereafter entered on the jury's verdict. The defendant has appealed.

The collision which has occasioned this litigation occurred about 1:00 p. m. on December 6, 1941. Prior to the time of the collision the appellee was driving his automobile in a northerly direction on a county highway about one mile north of Thompson, Iowa. The appellant was driving his automobile west on a country road. There was a stop sign on this road but the appellant did not stop when he got to the intersection. One of the

854

contentions of the appellant is that the brakes of his automobile were frozen as the result of driving through slush the previous day. It is his claim that on the day of the collision he did not try the brakes before he got to the scene of the accident and that when he endeavored to stop his automobile, as he approached the county highway, the brakes did not function and he proceeded into the intersection, with the resulting collision. The evidence discloses that as appellant came to the intersection he was driving about ten or fifteen miles an hour but when he got about three rods from the stop sign he endeavored to make use of the foot brake but it did not work. The appellant did not testify that he tried to use the emergency brake and there is no evidence whether it would have effectively stopped the car if it had been used.

The questions presented on this appeal are: (1) the excessiveness of the verdict (2) error in giving of certain instructions and (3) the refusal to give certain requested instructions.

I. The appellant particularly complains of the allowance by the jury of the sum of $425 for loss of earnings, it being his claim that the evidence did not justify the submission of this element of damage. This claim on the part of the appellant necessitates a brief summary of the evidence. It is shown that the appellee raised about the same number of hogs in 1941 as he did in 1942; that he milked the same number of cows in 1942 as he had in 1941; and that the crops that he planted were about the same in 1942 as in 1941. The appellant claims that under these circumstances there was no basis on which the jury could allow the appellee the sum of $425 as damages for loss of earnings.

The appellee testified that he did not perform any labor on the farm in 1942 and did not engage in its supervision or management. He further testified that before the accident his health was good and that he had been able to do all the work on the farm but since the accident he had not been able to do so. He further stated, over the objection that it was improper to prove damages by an estimate of earnings, that his net earnings in 1942 were $500 less than in 1941. There was further testimony presented relative to the work he had done on the farm and as to the fact that his injuries had prevented him from carrying on his usual farming activities.

We do not believe that there was any error in the allowance of the damage for loss of earnings which the jury included in its verdict. There was some testimony which supported this particular claim. The consideration of this element of damage finds support in 25 C. J. S. 617, 618, section 86, where it is stated:

"* * * where plaintiff's earnings are not measured by a fixed wage, it is proper to show the business in which he was engaged and the extent and amount of his ordinary business, or its average profits, together with the particular part of the business transacted by him * * * In any event, in order to establish the value of plaintiff's services in his business, it is proper to show the character of the business together with the capital and assistants employed, and it is also proper to show the profits, not as a distinct element of damage, but as showing the value of plaintiff's time and services."

We feel that the evidence as presented in this case all had a bearing upon the value of the appellee's time and services and that the court was not in error in submitting this element of damage, upon which the jury based a portion of its verdict. The case of Alitz v. Minneapolis & St. L. R. Co., 196 Iowa 437, 443, 193 N. W. 423, 425, is a further authority for the submission of the element of damage of which complaint is made by appellant. In this last-cited case it is stated:

"It is true that the court permitted plaintiff to testify to the nature of his business and extent of his earnings before his injury, and the manner and extent to which his earning capacity was affected or diminished by such injury; but, in its charge to the jury, the court said that, in case of a verdict for plaintiff, it was competent for the jury to include in the damages assessed, the hospital, nursing, and doctor's bills reasonably incurred, also, the reasonable value of his loss of time and earnings in his business as a farmer, but 'not for profits as such, though these may be considered in connection with the amount of land he was farming, the persons employed, and the expenses and net income before and after his injury, with the amount of his own time and attention thereto, in order to determine how much his earnings from his own services in his business were worth, and

the loss he has suffered as the proximate result of his injury.' There is nothing in this evidence or in the instruction of which the appellant can justly complain. The justice and propriety of such rule have often been recognized.'' (Citing cases.)

We do not propose to quote from other authorities which authorize the allowance of damages of which complaint is here made. However, in support of this holding, reference is here made to Jordan v. Cedar Rapids & M. C. R. Co., 124 Iowa 177, 179, 182, 99 N. W. 693; Mitchell v. Chicago, R. I. & P. Ry. Co., 138 Iowa 283, 290, 294, 114 N. W. 622.

Annotations of the cases bearing upon this question, and particularly as to the damages that might be allowed a farmer under circumstances such as are presented in this case, are found in 9 A. L. R. 510, 514; 27 A. L. R. 430, 433; 63 A. L. R. 142, 148; 122 A. L. R. 297, 307.

II. The appellant complains of one of the instructions which related to the question of the amount of damages which might be allowed the appellee, and in which instruction the court went into detail as to the appellee's earnings and the sources and manner from which he obtained his income. The instruction is a lengthy one and we shall not here set it out. It is our conclusion it was carefully prepared, the court having in mind our previous holdings and the holdings of other appellate courts throughout the country on the question involved. Citations of authorities which are referred to in Division I of this opinion are applicable to appellant's complaint concerning this instruction and we see no necessity of here repeating them. Our review of this particular instruction has caused us to reach the conclusion that there was no improper statement of the law therein set forth.

III. The appellant makes particular complaint of one of the instructions given by the court wherein it instructed the jury that it was the duty of one approaching a stop sign at a public highway to bring his car to a stop, and that, in the instant case, the appellee failed to observe such law and was negligent because of such failure. The appellant also complains because of the failure of the court to instruct on ''legal excuse'' as suggested in requested instructions. The appellant, in the instructions which he asked to have given, set out the facts con-

cerning the claimed frozen condition of the brakes and sought to have the jury pass upon the question whether or not that fact would be a legal excuse.

In Kisling v. Thierman, 214 Iowa 911, 916, 243 N. W. 552, 554, this court defined legal excuse as:

"1. Anything that would make it impossible to comply with the statute or ordinance.

"2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance.

"3. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute.

"4. Where a statute specifically provides an excuse or exception."

The evidence shows that the claimed frozen condition of the brakes resulted from the appellant's driving his car through slush and muddy water the day before the collision, which, by reason of freezing weather, caused the brakes to freeze. The evidence further shows that on the day of the accident the appellant had driven his car only one and one-fourth miles before he reached the highway where the accident occurred. The evidence also shows that in leaving the place where his car had been located during the previous night appellant in his driving had driven down several inclines but had no occasion to use his brakes. However, the appellant testified that on the previous day when he had cause to use the brakes they had properly functioned. It is also disclosed by the evidence that after the collision the brakes were found to be frozen. It is further shown that the brake drums had been rehoned and new brake lining installed less than four months before the collision.

The principal disagreement between the appellant and appellee is that the appellant contends that the question whether or not he had been negligent in not discovering the condition of the brakes was one of fact for the jury, while the appellee contends this question was one of law for the court. There is also a question as to whether or not the appellant's failure to apply the emergency brake in the brief interval between his discovery

that the foot brake would not function and the happening of the accident might also be considered in connection with the appellant's claim of legal excuse.

It is our conclusion that it cannot be said that the appellant was negligent as a matter of law in failing to discover the condition of the brakes. We do not feel that it was necessary for the appellant to establish his legal excuse as a matter of law. We have heretofore held that where there is substantial evidence of legal excuse for the violation of the statute the question is for the jury. Sanford v. Nesbit, 234 Iowa 14, 11 N. W. 2d 695, 698; Rich v. Herny, 222 Iowa 465, 474, 269 N. W. 489.

In 5 Am. Jur. 642, 643, section 252, the following statement is made relative to the law in regard to the failure of brakes to function. It is there stated:

"* * * where the brakes on an automobile have previously functioned properly, but suddenly fail to respond, their failure does not render the owner guilty of negligence * * * unless he had knowledge of the defective condition. Nor is driving on a public highway an automobile with defective brakes, contrary to the provisions of the statute, negligence per se which will render the driver absolutely liable for resulting injuries, regardless of circumstances."

For further authorities bearing upon the question whether a jury should pass upon the claimed negligence of a driver of an automobile with defective brakes, see annotation 63 A. L. R. 398; also, Lochmoeller v. Kiel, Mo. App., 137 S. W. 2d 625, and cases cited.

Under all the facts presented, it is our conclusion that the instruction as given by the trial court was not justified and that the question of legal excuse and an instruction relative to it should have been submitted to the jury.

We have reviewed other claimed errors as presented by the appellant but have only given consideration to those which seemed to have particular merit.

A motion to strike a portion of the supplement to appellant's reply was submitted with the case. By reason of our ruling on appellant's claimed errors which were presented in his

original briefs and arguments, we do not deem it necessary to pass upon that motion.

By reason of our conclusions heretofore set forth we find it necessary to reverse the trial court.—Reversed.

SMITH, C. J., and GARFIELD, MILLER, OLIVER, MANTZ, and MULRONEY, JJ., concur.

BLISS, J., takes no part.