165 P.2d 657

**WOMACK et al. v. PREACH.**

No. 4718.

Supreme Court of Arizona.

Feb. 1, 1946.

Stockton & Karam, of Phœnix, for appellants.

Kenneth S. Scoville and Lynn M. Laney, both of Phœnix, for appellee.

STANFORD, Chief Justice.

In their motion for rehearing, defendants call attention to our failure to discuss and pass upon the following questions which were raised:

"1. May parents, the sole beneficiaries, recover damages for the death of their non sui juris child, expressly sent by them through a place of danger to perform a service for them, where the child in passing through the place of danger loses his life?

"2. Is a parent who makes a non sui juris child his agent or employee to perform a service responsible for the acts of omission and commission of such non sui juris child, which acts of such child would amount to negligence if the child had the capacity to be negligent?"

On re-examining our former opinion, we find that neither of the above questions were expressly considered or decided. We refer to the original opinion for a statement of the facts, and will not again restate them.

The first question is not justified by the facts. The evidence did not disclose that the parents expressly sent their child through a place of danger. The testimony indicated, as was suggested in the former opinion, that the child had been instructed to cross the street only at the light-control

crossing and on the green light. He was not instructed to cross at any other point. On further reference to the record, we find the court instructed the jury in effect that if the action of either of the parents, in sending the child on the errand, constituted contributory negligence which proximately caused or contributed to the death of the child, there could be no recovery. The following instructions were given by the trial court:

"The contention of the defendant is that it was the negligence of the parents of the child that caused the child to meet this unfortunate accident, and that that negligence of the parent in sending the child on the errand caused or contributed to his resulting death and the defendant therefore contends that the plaintiff is not allowed to recover."

"* * * You will recall that one of the defenses submitted by the defendant was that the parents of this child were negligent, and that that negligence contributed to the cause of the accident, was one of the causes of the accident. * * *"

"I further instruct you, gentlemen of the jury, that if you find that plaintiff or his wife was guilty of any negligence, and if you further find that such negligence proximately caused, contributed in any degree to or helped produce the death of said child, then and in such event plaintiff cannot recover and your verdict should be for the defendants. This is true because any recovery in this case is solely for the plaintiff and his wife, the parents of said child, and for no other purpose, the law will not allow any one to profit by his own negligence."

"I am submitting to you not the act of the child as an act of contributory negligence, but it is the act of the parents I am submitting to you for you to find whether or not they were guilty of contributory negligence."

This discloses that there is no basis for defendants' first complaint. The court clearly advised the jury that there could be no recovery if the parents were guilty of contributory negligence. We cannot consider the question as propounded by defendants, since it is not based upon the actual facts. The instruction given was justified under the issues and the evidence, and we think fairly presented to the jury the matter of contributory negligence insofar as the parents were concerned. Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A.L.R. 661.

We answer the second question in the negative. The trial court very properly excluded from the jury's consideration contributory negligence on the part of the child. The child could not have been guilty of contributory negligence as a matter of law. Since he could not be guilty of negligence, there would be nothing in his conduct amounting to legal negligence, or contributory negligence, chargeable to his parents. The law is practical. It deals only with factual situations. It does not and

cannot deal with imaginery conditions. Defendants' complaint is largely based upon the refusal of the court to give the following offered instruction: "You are instructed that Edward Joseph Preach, Jr., the deceased child of the plaintiff was of such young and tender age that in law he was incapable of negligence. He cannot be held responsible for any of his acts of omission or commission. If, however, the child's acts of omission or commission, when judged by adult standards, would be negligence, such negligent acts of omission or commission of the child are imputed to his parents and to the plaintiff in this action and the parents are responsible therefor to the same extent and as fully as if the parents, including the plaintiff, themselves were guilty of the same acts of omission or commission."

■ No cases have been called to our attention, nor has diligent search on our part found any authorities which would justify the giving of such an instruction. The adoption of such a rule allowing the acts of such a child to be measured by the standards applicable to an adult, if the child happens to be on an errand for its principal, would do violence to all the rules of logic, and would have no sound basis in public policy to support it. The doctrine of contributory negligence is based upon sound public policy. It is invoked in order that those who are of an age or state of mind to exercise due care must do so, and in order that responsibility for their own negligent acts shall not be placed upon the shoulders of others. Von Saxe v. Barnett, 125 Wash. 639, 217 P. 62; Holmes v. Missouri Pac. R. Co., 207 Mo. 149, 105 S.W. 624.

■ It is well settled that a principal is liable for the negligent acts of his agent and cannot recover if the agent is negligent. The negligence of the agent is imputed to the principal. This rule naturally implies that the agent must be capable of negligence. If the agent is not capable of negligence, then that negligence cannot be imputed to the principal. This does not mean, however, that where the principal sues for the injury or death of his agent the defendant who is charged with negligence may not set up the defense of contributory negligence. Not however the negligence of the agent who is incapable of such but the negligence of the principal who made use of the services of such an agent. In such a case, if the agent is injured because of his inability to apprehend danger, the principal cannot recover because of his contributory negligence in sending the agent into a place of danger which, by reason of youth or disability, the agent could not comprehend. It would have been entirely proper for the court to instruct the jury that if it found the parents had sent their child on an errand which necessitated his going into a place of danger, and that by reason of the child's inability to apprehend or comprehend danger he placed himself in a position which proximately caused or contributed to his injury and death, and that defendants were not guilty of wanton negligence as defined

in the instructions, this would constitute contributory negligence on the part of the plaintiff or parents which would defeat their right of recovery. No such instruction was requested.

As we have already seen, the parents' or principal's negligence in this respect was properly submitted to the jury. We pointed out in the original opinion that the facts were of such a character as to justify the court in submitting to the jury whether the accident and death of the child was caused through the wanton or intentional negligence of the defendants. We called attention to the fact that the act of defendants in driving their heavily loaded truck on a busy thoroughfare with knowledge that its brakes were defective and insufficient, indicated a reckless disregard of the rights of others and a reckless indifference to the members of the public who might be using the streets. If, as the jury doubtless found, defendants' negligence in this respect was the proximate cause of the injury and death of the child, then plaintiff's or the parents' contributory negligence would not bar recovery. Under these circumstances, the question urged by defendants would appear to be rather academic.

However that may be, there is another reason why the last question propounded by defendants must be answered in the negative. This is an action under section 31-101, A.C.A.1939, giving a cause of action for wrongful death, reading as follows: "Whenever the death of any person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, * * *."

Under this statute, where death ensues, the action and the damages recoverable are for the benefit of the estate and not for any designated beneficiaries. DeAmado v. Friedman, 11 Ariz. 56, 89 P. 588; Southern Pac. Co. v. Wilson, 10 Ariz. 162, 85 P. 401; Keefe v. Jacobo, 47 Ariz. 162, 54 P.2d 270; Estate of Lister, 22 Ariz. 185, 195 P. 1113.

Under the provisions of section 31-102, A.C.A.1939, plaintiff, the father, instituted this action as the statutory representative of the infant's estate. The action was not brought by him in his individual capacity as a principal suing for the wrongful death of his agent or for damages as a parent due to the wrongful death of the child. The action was wholly statutory. Under the terms of the statute, the plaintiff, as such statutory representative, was entitled to maintain the action and to recover damages only if the facts were such as to have entitled the child, if he had been injured rather than killed, to maintain the action and to recover damages. Under this

statute, plaintiff maintained the cause of action subject only to the defense that would have been available against the son had death not ensued, and subject to his or the parents' contributory negligence. Town of Flagstaff v. Gomez, supra.

It is obvious that the boy's claimed contributory negligence would not have been available to the defendants if he were suing for an injury, for the very plain reason that he, as a matter of law, was not capable of contributory negligence. It follows that the son's claimed contributory negligence was not available against the plaintiff who, under the law, represented the son's estate, and was subject only to such defenses as could have been presented against the deceased and the additional defense of the parents' contributing negligence under the rule of the Gomez case. If the child had been maintaining a suit for injury, it is obvious that his acts of omission and commission could not have been considered on the basis of adult standards.

Pursuant to the rule established in the Gomez case, supra, the court properly submitted the question of contributory negligence of the parents. Both parents are living, and were the sole beneficiaries of the estate of the deceased. The rule of the Gomez case is that the negligence of the parents, where both are living and are the sole beneficiaries of the estate, may be imputed to defeat the action. This does not mean, however, that negligence of a child, where as a matter of law no negligence can exist, may be imputed to the plaintiff or the parents so as to defeat the action.

The opinion as supplemented will stand.

LaPRADE and MORGAN, JJ., concurring.