GRACE L. SCHAEFFER, Respondent, *v.* JOHN W. CALDWELL, Appellant.

Fourth Department, March 10, 1948.

*Oscar J. Brown* for appellant.

*Saul H. Alderman* for respondent.

V AUGHAN, J. The action arises out of a collision between two automobiles. The facts relative to the collision and the cause thereof are not in dispute and are substantially as follows: Plaintiff on the afternoon of May 29, 1946, was operating her automobile in an easterly direction along West Onondaga Street in the city of Syracuse, New York. When she reached the intersection of West Onondaga and Oneida Streets, the traffic light at that intersection was red against east and westbound traffic on West Onondaga Street, and plaintiff brought her car to a stop. While standing waiting for the light to change, the car of the defendant collided with the rear of her car causing the injuries complained of.

The collision occurred between three thirty and four o'clock in the afternoon. It was a bright, clear day. The sun was shining and the pavement was dry. The evidence further discloses that on the afternoon in question the defendant, his mother, his aunt and a friend of the family were out riding in defendant's 1936

Pontiac car. Defendant had made some half dozen stops prior to the collision, the last one being for the traffic light at West and West Onondaga Streets, one block west of the place of collision.

His brakes functioned properly and he had no difficulty in bringing his car to a stop at any time prior to the collision. When the light at the intersection of West and West Onondaga Streets turned green, the defendant entered West Onondaga Street and proceeded in an easterly direction along said street towards Oneida Street. As the defendant's car approached Oneida Street he observed the light at the intersection was red against traffic on West Onondaga Street and observed the standing car of the plaintiff. When defendant's car reached an estimated distance of three car lengths from the rear of the plaintiff's standing automobile, he applied his foot brake and the brake pedal went to the car floor. Defendant attempted to avoid the collision by turning aside but without success, the right front fender of his car striking the rear left fender of the defendant's standing car, damaging it to an extent of $18.

Defendant's car was equipped with hydraulic brakes. Following the collision brake fluid was observed upon the pavement at the point of the collision but none to the rear of the car.

The emergency brake which is separate from the hydraulic brake system was not applied. The failure of the hydraulic brake was caused by the loss of two bolts which attach the radius rod to the knee action. The loss of these bolts permitted the radius rod to drop down causing the brake hose containing the brake fluid essential to hydraulic operation to pull apart, and thereby caused loss of fluid brake pressure. Defendant's car had been left in a garage for lubrication some three or four weeks prior to the accident. It appeared from the evidence that one doing a proper inspection or lubrication job should discover the absence or looseness of the bolts holding the radius rod in position.

Following the collision, the defendant, in talking with the plaintiff's sister at the scene of the accident, attributed the collision to the failure of his brakes and when questioned by a policeman who came to the point of collision, defendant told him that the collision was due to the failure of his brakes. The policeman thereupon got into the defendant's car, made a test of the brakes and found that there was no pressure in the hydraulic system and that the brake pedal would go to the floor upon pressure by the operator's foot.

The court, in submitting the case, read to the jury, subdivision 1 of section 15 of the Vehicle and Traffic Law, which provides in part as follows: " Every motor vehicle, operated or driven upon the public highways of the state, shall be provided with adequate brakes and steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use * * * ", and then said to the jury:

" I say to you that in relation to Subdivision 1 of Section 15 of the Vehicle & Traffic Law, * * *, the fact that the owner had no previous knowledge that the brakes of his motor car were inadequate or not in good working order or insufficient to control such vehicle at all times when the same was in use is not a defense to a claim of damage suffered by a person in another car who is found to be free from fault and is injured because of such failure or insufficiency. * * *

" Mr. Brown: If the Court please, the defendant respectfully excepts to the submission by your Honor of Subdivision 1 of Section 15, and in the method in which you submitted it to the jury and all of it. I ask your Honor to say to the jury that they may find that that section was complied with by the defendant if they find that he used the care of an ordinarily prudent driver in complying with that section.

" The Court: Counsel, it is my understanding that this section is mandatory; that the section provides that every motor vehicle shall be provided with adequate brakes and steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use; that the requirement is mandatory, and I must so charge under the usage in this court, with an exception to my refusal to charge as requested.

" Mr. Brown: I ask your Honor to say to the jury that they may find that that section is complied with by the defendant if he used the care of an ordinary prudent person and had a right to believe, in the exercise of that care, that his car was so equipped.

" The Court: As I understand the wording of the section, as expressed by the legislature, it required brakes to be in a condition as the section provides for, sufficient to control such vehicle at all times when the same is in use, regardless of whether the owner of the vehicle knows or should have reason to know that the same are defective. I also say in that connection that that only applies to this section that we are just referring to; that as to the other sections that I have read, that reasonable care is the only requirement." The other sections above

referred to were subdivision 1 of section 56 and subdivision 5 of section 81.

Notwithstanding the court's instructions, the jury returned a verdict of no cause of action. The court, upon motion of the plaintiff's attorney, promptly set the verdict aside and thereafter and on March 19, 1947, handed down its written opinion setting forth at length the reasons for its action of February 19, 1947, granting plaintiff's motion to set aside the verdict and for a new trial. The trial court felt that subdivision 1 of section 15 was mandatory in character and that it imposed liability without fault on the part of the defendant. Violation of the statute with respect to adequate brakes is a misdemeanor (Vehicle and Traffic Law, § 70, subd. 1).

The only question raised by defendant requiring consideration is: Does the statute impose an absolute duty for the violation of which there is no recognized excuse?

In view of the uncontradicted evidence that the hydraulic brake system functioned properly prior to defendant's last attempt to apply the brakes, we feel that the learned trial court erred in refusing to submit the question of defendant's negligence to the jury and in charging the jury that the violation of the statute was negligence regardless of lack of prior knowledge on the part of the defendant that the brake system was out of order.

We are not unmindful of the various statutes imposing " liability without fault " such as the Federal Safety Appliance Act (U. S. Code, tit. 45, § 1), the Workmen's Compensation Law (L. 1922, ch. 615), the Labor Law (L. 1921, ch. 50) and other statutes of similar type. In some instances reasons of social policy are advanced for the overthrow of the doctrine of " no liability without fault ". In others the reason advanced is that the industry or activity involves risks of such a character that it should carry the burden of loss regardless of fault or negligence.

We must assume that the jury by its verdict absolved the defendant of negligence in the maintenance of his car and in its operation. Such finding by the jury precludes recovery by the plaintiff unless the statute under consideration imposes responsibility for disregard of the statutory duty regardless of negligence when such disregard is a proximate cause of plaintiff's injury.

The statute (Vehicle and Traffic Law, § 15, subd. 1) is not, in our opinion, the type of statute which imposes absolute liability for the violation of its provisions regardless of negligence.

No such construction should be placed upon the statute unless it clearly appears that the Legislature so intended. We find no such intent. In the absence of such intent it is for the jury to determine whether the exercise of reasonable care will excuse observance of the statute.

Recognition in this State of the doctrine of " no liability without fault " is found in cases involving statutes specifying the equipment required on vehicles using the public highways.

In *Martin* v. *Herzog* (228 N. Y. 164, 168, 170) involving the absence of a light on a buggy proceeding along the highway in the nighttime in violation of section 329-a of the Highway Law as amended by chapter 367 of the Laws of 1915, the court (CARDOZO, J.), in holding that the violation of the statute requiring lights was negligence per se, was careful to limit such holding to unexcused violations of the statute.

" We think the *unexcused* omission of the statutory signals is more than some evidence of negligence. It *is* negligence in itself. * * * to omit, *willfully* or *heedlessly,* the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform. * * * The omission of these lights was a wrong, and being *wholly unexcused* was also a negligent wrong." (Emphasis ours.)

In *Joyce* v. *Brockett* (205 App. Div. 770, 772, affd. 237 N. Y. 561) involving injury to the plaintiff, a passenger in defendant's automobile, the case was submitted to the jury on the theory of negligent and careless driving as charged in the complaint. The court, however, had this interesting comment to make regarding the unexpected failure of the brakes to hold as the automobile was proceeding down hill.

" Apart from plaintiff's declared position, it may be remarked that liability may not rest upon the defendant because of the failure of the brakes to hold. Upon this same trip they descended a number of hills and the brakes had worked properly. The car had been examined and a brake shoe adjusted but two or three days before the accident. The failure of the brakes was entirely unexpected and there was no failure to inspect."

The language of the statute in effect at that time was, insofar as it relates to brakes and steering mechanisms the same as now appears in subdivision 1 of section 15 of the Vehicle and Traffic Law (see L. 1921, ch. 85, § 286).

Throughout the several cases in this State in which the courts have been called upon to determine whether the statute imposed

absolute liability without regard to fault, we find that such liability was imposed in those instances when duty of seeing to it that the owner's car was equipped with proper brakes was "negligently omitted" (*Donovan* v. *Garvas*, 121 Misc. 24) but not in those instances where the car was equipped with adequate brakes and the owner had no knowledge of any defect therein prior to the unexpected failure of the brakes (*People* v. *DeWitt*, 175 Misc. 481).

Analogous situations are found in actions under the Multiple Dwelling Law which provides that every multiple dwelling and every part thereof shall be kept in good repair and that the owner shall be responsible for failure to comply with the provisions of the statute (§ 78, subd. 1).

The courts of this State have consistently held that notice, either actual or constructive, was essential in order to hold the owner for violation of the provisions of the statute (*Altz* v. *Leiberson*, 233 N. Y. 16; *Becker* v. *Manufacturers Trust Co.*, 262 App. Div. 525).

The doctrine of "no liability without fault" is also recognized in many other States. *Lochmoeller* v. *Kiel* (137 S. W. 2d 625 [Mo.]) involves a street car passenger's action for injuries resulting from collision between the defendants' motor truck and the street car. A nonsuit was granted as to the defendant Kiel, a trustee of the St. Louis Public Service Company, owner of the street car. The truck was owned by Burns and Hamlett. The evidence discloses that the collision between the truck and the street car was caused by failure of the truck brakes properly to function. Immediately following the collision, the brakes were examined and it was disclosed that their failure was due to the blowing of a small gasket in the brake mechanism. The case was sent to the jury as against the owners of the truck. The jury returned a verdict of no cause of action. Upon appeal the court, in the course of its opinion, said in part (p. 630): "But quite aside from plaintiff's trial theory and the necessity, in any event, for the jury's determination of the questions of proximate cause and resulting injury, plaintiff is likewise wrong in his assumption that the failure of the brakes to hold on the occasion in question admitted of no excuse whatever on the part of defendants Burns and Hamlett so as to have relieved themselves from the imputation of actionable negligence."

In that case, the statute in force at the time of the collision required motor vehicles to be provided at all times with two sets of adequate brakes kept in good working order. Con-

tinuing the court said: " In this case the evidence that the truck was equipped with the kind of brakes contemplated by the statute, that they had been adjusted a week before the accident, and that they had functioned properly only one short block to the east of the point of the collision when they had last been applied, made it a question for the jury as to whether defendants Burns and Hamlett were to be convicted of actionable negligence because of the fact that the brakes on their truck were not in good working order at the very moment of the collision. In other words, there was substantial evidence adduced, which, if believed by the jury, constituted legal excuse for the technical noncompliance with the literal requirement of the statute, and the verdict returned by the jury, being itself thus supported, in turn supports the judgment based upon it of which plaintiff now complains."

In *Amelsburg* v. *Lunning* (234 Iowa 852) the plaintiff was injured as the result of a collision between two motor vehicles, one being operated by the plaintiff and the other by the defendant. The collision was caused by reason of the failure of the defendant to stop at a stop sign located at the intersection where the collision occurred. His failure to stop was attributed to the brakes on his car being frozen, of which fact the defendant had no knowledge. The court said (p. 858): " It is our conclusion that it cannot be said that the appellant [defendant] was negligent as a matter of law in · failing to discover the condition of the brakes. We do not feel that it was necessary for the appellant to establish his legal excuse as a matter of law. We have heretofore held that where there is substantial evidence of legal excuse for the violation of the statute the question is for the jury."

The court, in the course of its opinion, made reference to American Jurisprudence (Vol. 5, Automobiles, § 252, p. 643) which reads as follows: " It seems that where the brakes on an automobile have previously functioned properly, but suddenly fail to respond, their failure does not render the owner guilty of negligence or contributory negligence, unless he had knowledge of the defective condition. Nor is driving on a public highway an automobile with defective brakes, contrary ,to the provisions of the statute, negligence per se which will render the driver absolutely liable for resulting injuries, regardless of circumstances."

In *Rath* v. *Bankston* (101 Cal. App. 274) plaintiff was injured when an automobile in which she was riding as a guest collided with defendant's stalled truck which had run out of gasoline.

The court, in the course of its opinion upholding the verdict of the jury in favor of the defendant, said (pp. 279–280): " Generally speaking, it is the duty of one driving a motor vehicle along a public highway to see that it is properly equipped so that it may be at all times controlled to the end that it be not a menace to the safety of others or of their property. The law requires that such a vehicle be equipped with brakes adequate to its quick stopping when necessary for the safety of its occupants or of others, and it is equally essential that it be maintained in such a condition as to mechanical efficiency and fuel supply that it may not become a menace to, or an obstruction of, other traffic by stopping on the road. But if the person in charge of such vehicle has done all that can be reasonably expected of a person of ordinary prudence to see that his vehicle is in proper condition, and an unforeseen failure of a part of his equipment occurs, it does not necessarily follow that he must be deemed guilty of negligence as a matter of law."

It was held in *Sothoron* v. *West* (180 Md. 539) that the non-owner operator of an automobile was liable for injuries caused by defective brakes because of her failure to discover such defect prior to the collision. The defendant, while driving a car owned by her companion's father, collided with the plaintiff's automobile which was standing waiting for the traffic light to change. The place of collision was at the foot of a steep incline. Defendant applied her brakes as she started down the incline but they would not hold.

The regulations contained in subdivision (1) of section 194 of article 56 of the Administrative Code of 1939 required " Every motor vehicle, except trailers and side cars, while in use on the public highways of this State, shall be provided with adequate brakes." The court, in reversing a judgment in favor of the defendant, said in part (pp. 543–544):

" In some states having similar statutes, it has been held that driving with defective brakes is negligence *per se*. [Citing authorities.] The better and more general rule, however, seems to be that failure of brakes to operate makes only a *prima facie* case, which the driver may defend by showing proper inspection and a sudden failure without warning. [Citing cases.] * * *

" The appellee [defendant] offered as an excuse for the accident the fact that her brakes did not hold. She offered no evidence of any inspection. She testified to a drive which carried her through a number of city blocks and intersections. It is almost inconceivable that during the course of such a drive she did not at some time or other have occasion to use the foot brake. Her testimony, however, negatives this. The

question before us, therefore, is whether the fact that her brakes suddenly failed her excuses her from the charge of negligence, when she has driven a number of city blocks without making the slightest test of these brakes, until their first use in the descent of a steep hill, where she has to rely on them for her safety and for the safety of other occupants of the highway.

" We do not think the appellee is excused. This is not the case of a latent defect which could not have been discovered. A person driving a strange car for the first time owes a duty to the public to see that there are no obvious defects in its mechanism which are apt to cause injury to others. Defective brakes are obvious, because they can be detected by the simple pressure of a foot. The test is so simple that anyone can make it. If such a test shows the brakes in working order, and then they suddenly fail, the driver may not be liable for negligence in driving with them. If no test is made, if the brakes are not even tried, the driver cannot rely upon a presumption that the machine is safe. He will not then be excused from liability for the destruction he may cause upon the public highway, because he did not know his brakes were bad."

In the case under consideration we have a similar situation where the defendant had made the very test called for in the case last cited on at least some half dozen occasions immediately prior to the accident.

In refusing to hold that plaintiff was guilty of contributory negligence as matter of law in failing to have his automobile equipped with brakes required by statute, the court, in *Brickell* v. *Boston & Maine Transp. Co.* (93 N. H. 140, 142), said: " The argument of the defendant that the plaintiff was guilty of contributory negligence as a matter of law cannot be adopted. It rests principally upon the claim that the real cause of the accident was the defective condition of the plaintiff's brakes and that it conclusively appeared that the plaintiff failed to comply with the statute which requires that ' every motor vehicle, operated or driven upon the ways of this state, shall be provided with adequate brakes in good working order and sufficient to control such vehicles at all times when the said vehicle is in use.' R. L., c. 119, s. 4.

" This argument as to the efficient cause of the accident receives strong support from the evidence, but we do not think that plaintiff's violation of the statute is conclusively established merely by showing that his brakes were out of order at the time of the accident. The plaintiff testified that his car passed the state inspection upon October 31, 1941, and the accident

occurred upon December 22. The plaintiff further testified that so far as he knew on the date of the accident his brakes were in proper working condition and that just before the accident he had had occasion to stop at a toll bridge where his brakes operated properly. We think that the statute requires proof of the fact that the driver of a car knows or ought to know the defective condition of his brakes before he can be charged as a matter of law, with violation of the statute.''

An interesting example of the attitude of the courts of Texas which generally hold that the violation of a criminal statute is negligence per se, is found in *Taber* v. *Smith* (26 S. W. 2d 722), in which the court refused to apply the doctrine of liability without fault because of the undesirable liability which would follow. The facts were: The lights on a delivery truck failed while enroute home in the evening. When the truck left defendant's place of business in the afternoon to make deliveries the lights were apparently in good order and the defendant had no reason to anticipate any defect in the lighting system. Upon discovery that the lights would not turn on, defendant's driver called defendant who made an effort to get a garage to send a service car but without success. The driver, after waiting for some time, again called the defendant and upon advising him that there was a garage some 400 feet from the place where the truck was standing, was instructed by the defendant to proceed to the garage to have the lighting system repaired. While proceeding along the highway, the truck was struck from the rear by plaintiff. The trial court held that the defendant was negligent as matter of law for failing to have a red light on the rear of the truck as required by law and entered judgment for the plaintiff. The Texas Court of Civil Appeals reversed the judgment holding that due care was used, even though the defendant was technically violating the statute.

For the reasons above stated we feel that the trial court erred in refusing to submit the question of defendant's negligence in violating the statute respecting brakes to the jury and in instructing the jury that failure of the brakes imposed absolute liability upon the defendant. It follows that while we are not in accord with the reasons advanced by the trial court for setting aside the verdict, nevertheless we feel compelled to affirm the order appealed from because of the failure of the jury to follow the instructions of the court.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Order affirmed, with costs.