Per Curiam.

Defendants cannot he held liable for the injuries to plaintiff wife resulting from her slipping on several grapes on the floor of the taxicab unless it is established that this foreign substance was placed there by defendants or that they knew or by the exercise of proper care and diligence should have known of the presence of such foreign substance and failed to remove it. It was error for the court to state in the presence of the jury that defendants guaranteed to prospective passengers in their taxicab that they would be transported ‘ ‘ without *337 any incident happening.” This was aggravated by the denial of defendants’ request to charge that the plaintiffs had the burden of proving that the taxicab was maintained in a dangerous condition and that defendants knew or should have known of the existence of such condition. These errors were prejudicial to the rights of the defendants and were not cured by the cursory, albeit correct, charge that they were not insurers of the safety of their passengers.
Section 436-2.0 of the Administrative Code (and the Police Department Regulations promulgated pursuant thereto) which by subdivision f (par. 24, cl. [e]) directs the taxicab driver to search the interior of his vehicle after the termination of each trip for articles left or lost therein and to turn any such articles over to the Police Department may not be considered as imposing a duty on defendants other than for the purposes therein expressed and is inapplicable herein (Di Caprio v. New York Cent. R. R. Co., 231 N. Y. 94). Insofar as subdivision f (par. 24, cl. [e]) and subdivision g (par. 29, cl. [a]) of this section of the Administrative Code require the interior of a taxicab to be kept clean and in good condition, they impose no new standard of care and merely codify or supplement an existing common-law rule (Tedla v. Ellman, 280 N. Y. 124, 131; Schaeffer v. Caldwell, 273 App. Div. 263). Defendants may be charged with negligence per se for the violation of statute only where the observance thereof is unexcused or unexplained (Schaeffer v. Caldwell, supra).
The judgment should be unanimously reversed on the law and a new trial ordered, with costs to defendants to abide the event.
Pette, Hast and Brown, JJ., concur.
Judgment reversed, etc.