Mask A. Costantino, J.
Plaintiff Lepke moves for an order granting summary judgment in his favor and against the defendants herein. Defendant Sclafani & Sons, Inc. cross-moves for an order consolidating action No. 2 with action No. 1. Plaintiff Madina joins plaintiff Lepke in his motion for summary judgment and concurs with defendant Sclafani & Sons, with respect to the motion for consolidation.
This action is brought to recover damages to real property and loss of use and rents thereof due to the negligence of the defendants in the ownership, operation, maintenance, management and control of a certain motor vehicle consisting of a tractor admittedly owned by defendant Sclafani and a trailer admittedly owned by the defendant Rail Trailer Co. It is alleged by plaintiff that the aforesaid motor vehicle was being operated by the defendant James Kelly, an employee of the defendant Sclafani, on a public highway with improper and defective braking equipment and as a result said defendant James Kelly could not control or stop same on an incline when the brakes failed to hold and jumped free of the vehicle and permitted same, in a driverless condition, to mount and cross a public sidewalk and strike and damage plaintiff’s building.
A reading of the papers submitted reveals the existence of conflicting issues of fact which can only be resolved by a trial (Werfel v. Zivnostenska Banka, 287 N. Y. 91). The defendant Sclafani contends that the defendant James Kelly, the driver of the vehicle, stepped on the brakes and upon doing so the air hose on the tractor burst, causing the air in the tractor’s tank to escape and left the tractor without any brakes. This failure of the hose and loss of air pressure happened suddenly, without notice or warning, and periodic inspections that defendant made could not reveal a latent defect in the hose. Defendant denies knowledge of defective braking equipment and maintains the bursting of the air hose was a completely unexpected and unexplainable event which could not be discovered upon an inspection. Subdivision 1 of section 15 of the Vehicle and Traffic Law pro *52 vides in part as follows: ‘1 Every motor vehicle, operated or driven upon the public highways of the state, shall be provided with adequate brakes and steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use
In the case of Schaeffer v. Caldwell (273 App. Div. 263) the court held that subdivision 1 of section 15 of the Vehicle and Traffic Law was not a statute which imposed absolute liability for its violation regardless of negligence and that it was for the jury to determine whether the exercise of reasonable care would excuse observance of the statute. Furthermore, it held that with respect to the application of statutes specifying the equipment required on vehicles using the public highway, New York recognizes the doctrine of “no liability without fault”, under which doctrine notice, either actual or constructive, is essential in order to hold an owner for violation of a statute. However, the unexcused omission to comply with the statute is negligence in itself (Martin v. Hersog, 228 N. Y. 164; Alongi v. Beuter, 286 App. Div. 990). In the instant case, the brakes on defendant’s motor vehicle were not in good working order and sufficient to control such vehicle when it was in use. However, the defendant’s failure to comply with the statute could be excused by the fact that the defendant exercised reasonable care in an effort to comply. The defendant’s papers herein show what caused the failure and what the defects were in the brakes and that they had no prior knowledge of same. Thus there are triable issues of fact raised herein requiring their determination at a trial.
The papers herein disclose that action No. 1 and action No. 2 are both now pending before this court. They both arise out of the same alleged accident or incident and involve the same issues and same defendants. A consolidation under these circumstances is warranted since it would not prejudice the substantial rights of the parties herein. (Civ. Prac. Act, § 96.) The purpose of consolidation is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights (Datz v. Economy Cotton Goods Stores, 263 N. Y. 252). The statutory provisions relating to consolidation should be liberally construed so as to permit consolidation whenever it is possible to do so without prejudice or injustice to any of the parties (White v. Boston & Maine R. R., 283 App. Div. 482; Bershadsky v. Harvilla, 279 App. Div. 701).
Accordingly, the plaintiff’s motion is denied and the defendant’s cross motion is granted. Settle order on notice.