Mario Pittoni, J.
Motion for summary judgment in an action for property damage denied.
On September 22,1957, at about 7:00 p.m., defendant wife was operating her husband’s new Ford with automatic transmission out of a circular driveway on Woodland Drive, Sands Point. The defendants claim that the accelerator pedal became jammed or stuck and the car shot across the plaintiffs’ property and hit their house. Defendants claimed that the accelerator never jammed before.
The plaintiffs claim that the auto was driven too fast around the driveway, that control of the auto was lost when it struck a large boulder and that defendant wife’s foot froze on the gas pedal. Clearly, the conflicting issues of fact presented by the papers submitted can only be resolved by a trial. (Werfel v. Zivnostenska Banka, 287 N. Y. 91.) Defendants ’ contention that the accelerator jammed standing alone requires the submission of this case to a jury. (See analagous cases involving brake failure: Schaeffer v. Caldwell, 273 App. Div. 263 [4th Dept.]; Lepke v. Sclafani & Sons, 20 Misc 2d 50 [Sup. Ct., Kings County]; Kalkin v. Marken, 87 N. Y. S. 2d 839 [Sup. Ct., Kings County].) Also, the plaintiffs’ conclusory statements that the defendants’ auto was driven too fast, that the driver could not straighten out her wheels in time and was guilty of mis judgment, *205 etc., in light of plaintiffs’ affidavit that they returned home 15 minutes after the occurrence, is deficient. It is still the rule that to defeat summary' judgment a pleader must show evidentiary facts, not suspicious or wild surmise. (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56.)
The plaintiffs’ motion for permission to serve an amended complaint increasing the amount of damages and allowing plaintiffs to separately state and allege their claim for trespass, upon the same facts as alleged in the complaint, is granted. Settle order on notice.