Mario Pittoni, J.
Motion by the plaintiff for summary judgment in a personal injury action is denied.
The defendant was proceeding north on Highland Boad, Crien Cove, L. I., a street which descends at a rather acute angle, perpendicular to School Street. As she descended Highland Boad, about 100 feet from its intersection with School Street, she applied her foot brake, knowing that she would have to make a right turn on School Street; however, the brakes failed.
The defendant claims that when she was confronted with this emergency, there were children crossing from the south to the north side of School Street, on both sides of Highland Boad, and that she noticed on the north side of School Street an alleyway coextensive with Highland Boad which she entered so that her auto would eventually come to a stop. On entering the alley defendant’s auto came in contact with the plaintiff. The defendant contends that prior to the accident she never had trouble with the brakes and that the auto was regularly serviced and checked. She contends further that she used her best judgment under the circumstances of the emergency that confronted her.
The plaintiff claims that the defendant became so confused that she lost complete control of her auto, and that she should *674 have used her emergency brake or given him warning of her approach.
The court is precluded from granting summary judgment because “ clear, well-defined and genuine issues ” exist. (Falk v. Goodman, 7 N Y 2d 87, 91.) The mere fact that the, brakes failed does not impose liability on the defendant, and this fact alone requires submission of this ease to a jury (Schaeffer v. Caldwell, 273 App. Div. 263 [4th Dept.]; Lepke v. Sclafani & Sons, 20 Misc 2d 50 [Sup. Ct., Kings County]; Kalkin v. Marken, 87 N. Y. S. 2d 839 [Sup. Ct., Kings County]). Whether defendant’s conduct, when confronted with the emergency, was reasonable under the circumstances is also for the jury. Motion denied.