400 P.2d 855

**Rosalie DAYTON, Appellant,**

v.

**Norman Arthur PALMER, Appellee.**

**No. 2 CA–CIV 56.**

Court of Appeals of Arizona.
April 12, 1965.
Rehearing Denied May 11, 1965.
Transmitted to Supreme Court May 26, 1965.

Nolen L. McLean, Tucson, for appellant.

Leonard Everett, Tucson, for appellee.

MOLLOY, Judge.

Plaintiff, Rosalie Dayton, appeals from a judgment based on a jury verdict for defendant in an action to recover damage for injuries sustained by the plaintiff when the car she was driving was stopped at a traffic control signal and was struck in the rear by a car driven by the defendant, Norman Arthur Palmer.

The only ground urged by plaintiff for reversal is that the court erred in submitting to the jury the issue of liability of the defendant. Plaintiff contends that the only verdict possible under the law was in her favor and that the court should have directed a verdict for her on the issue of negligence leaving only the question for the jury of the amount of damages.

The evidence discloses that on December 8, 1961, at approximately 10 or 10:30 p. m., while Mrs. Dayton was driving her car in a westerly direction on East Speedway in Tucson, she brought it to a stop at the intersection of East Speedway and Alvernon in obedience to the traffic light. There were about three cars already stopped in front of her. Plaintiff's car remained in that position for a few seconds until struck from the rear by the car driven by the defendant. The plaintiff's son, who was a passenger in the Dayton car, had a conversation with the defendant immediately after the accident at which time the latter was quoted as having said, "My brakes failed me."

Defendant testified that he had experienced no difficulty with his brakes prior to the collision. He had an opportunity to use his brakes a short time before the accident when stopping at the Rib Restaurant for dinner. On this occasion his brakes worked properly. After leaving the Rib Restaurant and in the short distance to the scene of the accident, which was about one-fourth of a mile, defendant had no occasion to use his brakes until his attempted stop immediately preceding the collision with the plaintiff. Defendant further testified that as he approached the intersection where the collision occurred, he saw that the traffic light was red, and started letting his car shift down; that he started putting on his brakes while the Dayton car was a car length or so in front of him; that when he put his foot on the brake "nothing happened;" that he did not use his emergency brake because there wasn't time and he had no thought of it; and that he struck the rear of the plaintiff's car while traveling fifteen to twenty miles per hour.

At the trial, an automobile mechanic was called as a witness and examined by the defendant concerning the condition of the brakes in question. He testified that he examined and overhauled the Palmer's car brakes on the day following the accident. Portions of his testimony are as follows:

"Q. And what did the examination consist of, Jerry?

"A. Well, first of all, it being equipped with power, I started the engine. The

power brake was—the brake was up then, but as soon as I hit it, it went to the floor, so right away I diagnosed the diaphragm and the power unit was ruptured, allowing the engine vacuum to pull the fluid out of the power unit. * * *

"Q. What did you find defective in the power unit or braking unit?

"A. The power diaphragm, the main cylinder diaphragm had ruptured. In other words, it had gotten a hole in it causing the power to escape. This is something that can happen just from a car being old, thirty-five, thirty thousand miles. You can't tell whether they are going bad or not. It just happens.

"Q. From your evaluation of the braking system and from your knowledge, could an individual have any idea that that car, from driving that car, that his brakes were failing?

"A. Not really, no. You would even have less in a car equipped with power brakes."

On cross-examination by the plaintiff, defendant Palmer testified:

"Q. Now, when had you last checked those brakes or had them checked?

"A. The last time I recall checking the brakes was when I had the car in April."

The statute which we are primarily concerned with in the case at bar is A.R.S. § 28–952, which provides in part as follows:

"1. Every motor vehicle, other than a motorcycle or a motor-driven cycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold the vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. * * *

*   *   *   *   *   *

"C. All brakes shall be maintained in good working order * * *."

The defendant was required by the provisions of this statute to have his car equipped with brakes adequate to control the movement of and stop and hold the vehicle and to have them maintained in good working order. It is undisputed that the brakes on the defendant's car were not in good working order at the time of the collision. The question presented is whether the defendant is guilty of negligence as a matter of law in violation of the statute containing specific requirements as to brakes or whether the jury under the facts and circumstances could find that defendant was not negligent.

It is often said that the weight of authority supports the view that violation by the driver or owner of an automobile of the statute containing specific regulations as to brakes is negligence per se. Annotation, 170 A.L.R. 611, 661. The authorities divide, however, as to what exactly constitutes a "violation" of the statute. Some courts have refused to recognize any exceptions where there has been a failure to comply with the specific requirements of brake regulation statutes. Madison v. Morovitz, 122 Conn. 208, 214, 188 A. 665; Nettleton v. James, 212 Or. 375, 319 P.2d 879 (1958).

Probably a majority of American courts have adopted the rule that a violation of a statute which prescribes the care required under given conditions may be excused by the showing that the failure to comply with the statute was without fault. Schaeffer v. Caldwell, 273 App.Div. 263, 78 N.Y.S.2d 652 (1948); Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372 (1954); Kohler v. Sheffert, 250 Iowa 899, 96 N.W.2d 911 (1959); Amelsburg v. Lunning, 234 Iowa 852, 14 N.W.2d 680 (1944); Albers v. Ottenbacher, 79 S.D. 637, 116 N.W.2d 529 (1962); 2 Harper & James, The Law of Torts, § 17.6, p. 997. This proposition is stated in affirmative language in 65 C.J.S. Negligence § 19 h, as follows:

"Cases holding that a failure to perform a statutory duty may be excused by the circumstances of a particular

case are not necessarily inconsistent with the rule that violation of a statute is negligence per se, but may be taken merely as an assertion of the rule that statutes are to be reasonably construed and that a statutory duty may be modified by the peculiar circumstances of a particular case."

In Lochmoeller v. Kiel, 137 S.W.2d 625 (Mo.App.1940), one of the cases rejecting the theory that *any* violation of a statute relating to equipment of motor vehicles constituted negligence per se, said:

"Even so, however, there may still be facts and circumstances present in a given case which would excuse a technical violation of a statute or ordinance and render it improper for the court to declare as a matter of law that the particular violation constituted actionable negligence, and so, when the plaintiff shows such violation, it then devolves upon the defendant, if he desires and is able to do so, to offer proof and legal excuse for avoidance of his failure to have observed the duty created by the statute or ordinance. Ordinarily such an excuse would require proof of something occurring wholly without the fault of the person charged with the violation, which had made it impossible for him to comply with the requirement of the statute or ordinance at the moment complained of, and which due care and prudence could not have guarded against. Where such character of proof appears from the defendant, the question of whether his technical but unintentional violation of the statute or ordinance amounted to actionable negligence is one for the jury to determine from all the facts and circumstances shown by the evidence, and it would only be where, admitting the violation, he failed to offer any legal excuse therefor, that negligence could be said to be established as a matter of law."

In Womack v. Preach, 63 Ariz. 390, 163 P.2d 280 (1945), and on rehearing, 64 Ariz. 61, 165 P.2d 657, the court said that violation of ACA (1939) § 66–135 requiring adequate brakes of motor vehicles, which is substantially the same as A.R.S. § 28–952, "would be negligence in itself, * *." However, we do not think that Womack is determinative. In that case, the question of whether a "violation" of the statute could be excused by a showing of lack of fault was not before the court.

■ It is our opinion that the statute in question is not the type of statute which imposes absolute liability for the technical violation of its provisions regardless of fault.

■ We agree with Womack v. Preach, supra, that "violation" of the statute in question is negligence per se. However, we hold that the mere fact that the defendant's brakes failed is not necessarily a violation within the intended meaning of A.R.S. § 28–952 when there was sufficient evidence from which the jury might find that the brake failure was not due to any fault of the defendant.

■ The Supreme Court of Arizona has on several occasions indicated that our statutes designed for the protection of the public do not impose strict liability on a technical violator. Casey v. Beaudry Motor Company, 83 Ariz. 6, 12, 315 P.2d 662 (1957), dicta; J. H. Welsh & Son Contracting Co. v. Gardner, 96 Ariz. 95, 392 P.2d 567 (1964); Pacific Employers Insurance Company v. Morris, 78 Ariz. 24, 275 P.2d 389 (1954); Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266 (1962), dicta.

In Caldwell, through dicta, the court stated that violation of a statute or ordinance is negligence per se, and then said:

"The defendant may prove that he is not guilty of any act or omission which breached the duty and so avoid liability."

■ Under the facts of this case, we hold there was sufficient evidence of lack of fault on defendant's part to present a jury question on the issue of liability and that the trial court did not err in denying

plaintiff's motion for a directed verdict on this issue.

For the foregoing reasons the judgment of the trial court is affirmed.

HATHAWAY, J., concurring.

KRUCKER, Chief Judge (specially concurring).

I concur in the results and the judgment should be affirmed. However, I do this on a different basis than my colleagues, Judge Molloy and Judge Hathaway.

The most basic or simple definition of negligence is:

"The failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done."

A reasonable and prudent person has been defined as:

"The conduct we set up as a standard is not the extraordinarily cautious individual nor the exceptional skillful one, but a person of reasonable and ordinary prudence." Instruction 101B, California Jury Instructions, Civil, 4th Rev. Ed.; Keiler v. Markley (1942), 50 Cal.App.2d 155, 122 P.2d 614.

I subscribe to the doctrine of negligence per se when there is a violation of a specific statute, but before a person can be guilty of negligence he must have some knowledge of his failure to do something that the "reasonable and prudent person" would do or not do under the circumstances.

The person charged with negligence must have knowledge and, as stated in the fact situation of this case, defendant had an opportunity to use his brakes immediately prior to the accident and about one-quarter of a mile from the place where the accident took place. I think that he could not be negligent unless he had some knowl-

edge or occasion to know that his brakes. were faulty. Without this knowledge or notice he could not be negligent and, therefore, the judgment should be affirmed.