471 P.2d 159

Maartin W. KELLER and Joan Keller,
Plaintiffs and Appellants,

v.

Maxine PATRAKIS, Defendant
and Respondent.

No. 11834.

Supreme Court of Utah.

July 6, 1970.

Kipp & Christian, Carman E. Kipp, J. Anthony Eyre, Salt Lake City, for plaintiffs and appellants.

Strong & Hanni, Lawrence L. Summerhays, Salt Lake City, for defendant and respondent.

JEPPSON, District Judge.

This is an appeal from a judgment growing out of a rear-end two-car collision. The lead car was driven by the plaintiff and appellant and was stopped for a red light in the daytime in a moderate rain that had been falling for most of the day.

The court instructed the jury that a driver, without notice of faulty brakes and who could not discover the defect through the exercise of reasonable care, is not responsible for damage caused by the brake failure, but if he knew of such defect and took no precautionary measures, he was liable for the consequences.

Appellant argues that there was no brake failure. The evidence is that the brakes squeaked and grabbed, but functioned normally prior to the collision event and also 45 minutes after the collision, and that the car was new three months prior to the accident, and that on the defendant's effort to stop for the light and plaintiff's car, the brakes failed to react upon application of the pedal. The defendant attributed the cause to wet brakes. There was no testimony that the car had gone through any pools of water, and there was no testimony that rain could not get at the brakes.

On the state of the evidence, we must assume that the jury found that the brakes were wet and failed to stop the car just before the impact. We hold that brakes that are temporarily wet and will not function are faulty and defective. The instruction was applicable.

Appellant raises a question of the defendant's failure to take precautionary measures. Defendant knew that the brakes squeaked and grabbed and that wet brakes work less efficiently. Under the circumstances, the question of what precautions, if any, a reasonable prudent driver would take was a question for the jury and was properly submitted.

The judgment of the district court is affirmed with costs.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, C. J., having disqualified himself, does not participate herein.