488 P.2d 695

**Luther E. DANIEL, Appellant,**

v.

**Fred RAISCH and Albertine Raisch, his wife, Appellees.**

**No. I CA–CIV 1442.**

Court of Appeals of Arizona, Division 1.

Sept. 21, 1971.

**340**

Manfred R. Wetzel, Phoenix, for appellant.

Johnson & Tucker by Michael Napier, Phoenix, for appellees.

HOWARD, Judge.

Appellant, unsuccessful plaintiff in a suit for personal injuries and property damages, challenges the trial court's refusal to direct a verdict in his favor on the issue of liability, to grant his motion for judgment N.O.V. or, in the alternative, a new trial.

Briefly, the facts are as follows: On December 19, 1967, at approximately 4:20 p. m., Mr. Raisch was driving his vehicle in the center lane on East Van Buren Street, Phoenix, Arizona. It had been raining quite hard and there was a considerable amount of water in the roadway. (The testimony elicited at trial does not reflect the depth of the water except that it was approximately curb-height in the outer lane but was lower in the center lane.) The plaintiff's vehicle was stopped in the center lane at the intersection of Van Buren and 28th Streets, waiting to make a left hand turn. The defendant "was pretty far behind" the plaintiff's car when he first saw it. He tried to stop but his brakes did not hold and the front end of his vehicle collided with the rear end of the plaintiff's vehicle.

The defendant did not try to swerve his car to avoid hitting the plaintiff's since there were cars traveling in the right lane and therefore he "wouldn't dare change lanes in that kind of weather." There was no evidence presented with respect to the defendant's rate of speed—according to him, he did not know how fast he was going but that he was going "real slow, considering the conditions of the road."

The defendant, who was 82 years old at the time of the collision, testified that his brakes were in good repair and responded as follows to questioning by plaintiff's counsel:

"Q. Did you at any time you were driving the vehicle down Van Buren think your brakes might get wet?

A. They may get wet when the water is that deep on the road, yes.

Q. You thought they might get wet. Is that what you are saying?

A. Well, naturally, they get wet.

Q. And you knew that wet brakes didn't work right. Is that correct?

A. They worked in all the crossings until I got to 28th.

Q. Now, that's about half a mile then, isn't it?

A. Yes, it is, from 32nd to 28th.

Q. Did you check your brakes at any time in that half a mile?

A. I stopped at 32nd, I believe.

Q. And that was the last time you checked them?

A. Yeah.

Q. How about from 32nd to 28th, did you slow down or anything like that?

A. Oh, we were going slow.

Q. You were going with the normal flow of traffic, is that correct?

A. I was driving with the traffic. I didn't pass anybody or anything."

Both vehicles involved in the collision were damaged, the plaintiff's quite ex-

tensively, and he sustained personal injuries. Although plaintiff in his brief sets forth ten "issues", the thrust of his appeal is directed to the sufficiency of the evidence to support the jury's verdict in favor of the defendants, husband and wife. He argues that they were negligent as a matter of law, having violated A.R.S. § 28–701, which, at the time of the accident, read as follows:

"A. No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard of actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

\* \* \* \* \* \*

E. The driver of every vehicle shall, consistent with the requirements of subsection A, drive at an appropriate reduced speed \* \* \* when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

Plaintiff contends that since the defendant offered no evidence showing the speed at which he was traveling or that he did anything to discover or prevent his brakes from failing, the trial court should have directed a verdict against him on the issue of liability. As to the question of speed, the defendant testified that he was "going slow" but the plaintiff claims that the extent of the damage to his car indicates otherwise. We do not agree with the plaintiff's position that these physical facts mandate a conclusion that the defendant drove his vehicle as a speed prohibited by A.R.S. § 28–701, supra. *See* Madill v. Los Angeles Seattle Motor Express, Inc., 64 Wash.2d 548, 392 P.2d 821 (1964).

Plaintiff also raises a question as to defendant's failure to take precautionary measures in that he knew that the street was flooded; that wet brakes might not hold; and that he failed to check his brakes for a distance of one-half mile preceding the accident. Whether or not the defendant took such precaution as would a reasonable prudent driver under the circumstances was a question for the trier of facts. Keller v. Patrakis, 24 Utah 2d 338, 471 P.2d 159 (1970). Furthermore, the jury could have concluded that the brake failure was not due to any fault on the part of the defendant and therefore it could not be said that the defendant's violation of A.R.S. § 28–952 constituted negligence as a matter of law. Dayton v. Palmer, 1 Ariz. App. 184, 400 P.2d 855 (1965).

As to the trial court's refusal to direct a verdict in favor of the plaintiff or to grant him judgment N.O.V., we find no error since the question of the defendant's negligence was one for the jury where, as here, reasonable minds might differ as to the facts and the inferences to be drawn therefrom. Moore v. Maricopa County, 11 Ariz.App. 505, 466 P.2d 56 (1970); State ex rel. Industrial Commission v. Standard Oil Company of California, 3 Ariz.App. 389, 414 P.2d 992 (1966).

The jury apparently concluded that the defendant driver was not negligent and that the accident was the result of a sudden failure of his brakes without fault on his part. There being sufficient evidentiary support for the jury's finding of no negligence, the trial court was correct in denying the plaintiff's motion for a new trial.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.