[Civ. No. 4240. Third Appellate District.—January 21, 1931.]

GEORGE B. BARBER, Appellant, v. ETHEL GORDON, Respondent.

GEORGE B. BARBER et al., Appellants, v. ETHEL GORDON, Respondent.

Louis Greenbaum and A. L. Stein for Appellants.

C. A. Reynolds, Ivan Kelso and Clifford P. Grua for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The actions above named were consolidated and tried as one. Both actions were prosecuted to recover damages for injuries alleged to have been suffered in an automobile collision. The complaint in both cases alleged the negligence of the defendant. The defendant in both cases set out, among other matters, inevitable accident as one of the grounds for her defense.

The record shows that the appellants were driving northerly on a public highway in the county of Ventura. At the same time, respondent was driving southerly. As the respective parties approached a turn in the road, the automobiles collided. The jury found in favor of the defendant in both actions. The defense of inevitable accident was based upon the alleged locking of the steering mechanism of the car driven by the respondent. According to the testimony of the respondent, at the time of the collision the steering mechanism became locked so that it was impossible to turn the automobile to the right in rounding a curve, in order to avoid the collision.

The first point made by the appellants for reversal is directed against the pleadings, it being alleged that the defense of inevitable accident or casualty does not specifically set forth the basis of such inevitable accident or casualty, in order to constitute a defense. The record shows, however, that no demurrer was interposed on the ground of uncertainty or ambiguity, and no attempt made to require the respondent to set forth more specifically the alleged grounds of defense. Having gone to trial without raising any question as to the sufficiency of the pleadings or of the answer interposed in each cause, we think it is now too late to raise questions which only could have been raised by demurring specially. While practically admitting a conflict in the evidence, it is urged on the part of the appellants that the testimony is such that a new trial should be ordered.

In order to sustain the defense of inevitable accident or casualty the defendant must show that reasonable diligence has been exercised, and that the occurrence was such as could not have been reasonably anticipated. In volume 1, page 260, Cyc. of Automobile Law by Blashfield, we find the following which we think applicable to this case:

"As a corollary of the above rule (referring to rules relating to liability), for determining legal responsibility for negligence, if a motorist or other traveler has exercised ordinary care, as required by common law, or the highest degree of care, as required by some statutes, and has nevertheless been the occasion of inflicting injury on another, the accident is said to be inevitable, for which no liability attaches." (Citing a number of authorities and giving instances of such accidents.)

In 45 C. J. 635, section 10, the rule is thus stated: "The first element of actionable negligence is lack of care. No person is an absolute insurer of his acts, or of the safety of others or their property, and if one is injured in person or property, as a result of some act or omission of another, but such act or omission does not involve any lack of duty or proper care, no cause of action arises, but the injury suffered is *damnum absque injuria.*" And, as stated in *Long* v. *Louisville & N. R. Co.*, 128 Ky. 26 [16 Ann. Cas. 673, 13 L. R. A. (N. S.) 1063, 107 S. W. 203, 205]: "The rule that a man must use his own property so as not to injure his neighbor has never been understood to make one an insurer in the lawful use of his property. If, in the lawful use of his property, a man accidentally does injury to his neighbor, which ordinary prudence would not have anticipated to result from his act, it is *damnum absque injuria.*"

In *Guile* v. *Snyder*, 165 Ark. 221 [263 S. W. 403, 404], the Supreme Court of Arkansas used the following language in relation to the question which we have under consideration: "The foundation of liability, then, is knowledge —or, what is deemed in law to be the same thing, opportunity by the exercise of reasonable diligence to acquire knowledge—of the peril which subsequently results in injury. In a word, negligence or contributory negligence is lack of foresight or forethought." (Citing a number of authorities.)

In the case at bar the testimony shows that the respondent was driving her automobile from Seattle to southern California; that the automobile was overhauled and placed in condition before leaving Seattle; was again overhauled, greased, etc., at Redding, California; was again reexamined, reoiled and regreased at Alameda, California. The testimony further shows that the respondent was driv-

ing a Buick car; that the steering mechanism in other cars of the same model had been known to become locked so as to render the car unmanageable, but of this fact the respondent had no knowledge. After the collision it was found that the steering mechanism of the driving gear was locked. Two questions of fact were presented to the jury—one, as to whether there was a defect in the mechanism which caused it to become locked, a defect of such a character as not to be reasonably anticipated as causing trouble, by the driving of the car; second, as to whether the respondent had used due care in having the car oiled and greased and looked after as she was on her way from Seattle to Southern California. These questions of fact were resolved in favor of the respondent by the jury. Without setting forth the evidence, which would only add unnecessarily to the length of this opinion, we think the testimony of the defendant, if accepted by the jury as correct, sufficient to sustain the verdict. Her testimony shows that she had the car oiled and greased as often as a reasonable person would deem the same necessary, and used the same precautions in having the car oiled and greased as an ordinarily prudent person would do. This, we think, is all that the law requires, and as the facts were found in favor of the respondent, we have no recourse but to affirm the judgments and it is so ordered.