WIEDENHAUPT, Respondent, vs. HOELZEL and another, Appellants.

*November 16—December 15, 1948.*

For the appellants there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *Paul L. Axel.*

*Allan C. Cain* of Kaukauna, for the respondent.

BROADFOOT, J. The appellants claim: (1) That the finding of the jury that Hoelzel's negligent lookout was a proximate cause of the accident is not supported by credible evidence; (2) that deceased's negligence was as great as or greater than Hoelzel's negligence; and (3) that appellants are entitled to a new trial on the ground that the jury received a communication from the judge, not in open court.

As to the last contention, it is the well-settled rule in this state that all proceedings in a case shall be open and public; that any communication with the jury, after the case is submitted to them and they have retired for deliberation on their verdict, by any person, shall be in open court, and in the presence of the parties or their representatives, where practicable. The rule is strict and any deviation from the rule has generally been treated as sufficient ground for setting aside the verdict, even though, as here, the communication was not prompted by improper motives and even though it has not influenced the jury in arriving at their verdict. A defeated party should not be required to show that a communication not made in open court was in fact prejudicial. *Havenor v. State* (1905), 125 Wis. 444, 104 N. W. 116; *Hurst v. Webster Mfg. Co.* (1906) 128 Wis. 342, 107 N. W. 666; *Ulrich v. Schwarz* (1929), 199 Wis. 24, 225 N. W. 195.

The respondent cites the case of *Dishmaker v. Heck* (1915), 159 Wis. 572, 150 N. W. 951. The facts in the *Dishmaker Case* are clearly distinguishable, as in that case the entire communication was in open court, was taken down by the reporter, and became a part of the record.

We hold that the communication had between the jury and the judge, through the reporter, is sufficient ground for setting aside the verdict and for ordering a new trial.

In view of the above determination we deem it unnecessary to pass upon the other points, except to state that the record shows they are questions for a jury.

*By the Court.*—The judgment is reversed and the cause is remanded for a new trial.