Pollack and another, Appellants, v. Olson and another, Respondents.

*June 4—June 28, 1963.*

For the appellants there was a brief and oral argument by *Donald W. Kaatz* of Madison.

For the respondents there was a brief by *Hayes & Hayes* of Milwaukee, and oral argument by *Hanlin J. Hayes*.

BROWN, C. J.   Ida Pollack had stopped her automobile behind another car at an intersection of two streets in Fort Atkinson. The intersection was controlled by traffic lights. She and the driver of the car ahead of her were waiting for the light to change to permit her to proceed.

Olson was then driving his automobile in the same direction, approaching the same intersection. He failed to stop and his automobile ran into the rear of Mrs. Pollack's car causing injury to her.

Although there is some conflict and some inconsistency in the testimony, there is evidence which the jury could reasonably believe that Olson came up to the intersection at a speed of 10 to 15 miles per hour and applied his foot brake at a normal distance in which to stop his car without collision. Then, with no previous warning to him, his foot

brake failed to function. He then attempted to stop by using his hand brake. This brake also failed.

Another automobile was in the lane on his right. On his left he thought there might be oncoming traffic in that lane. Therefore he stayed in his own traffic lane and struck the Pollack car.

Olson had had the braking system on his car inspected and his brakes relined ten days prior to the accident. The brakes worked perfectly prior to the collision, and he had no indication that there was a defect in them. A mechanic testified that there was a sudden brake failure in the braking system. He said that the inner seal which held the pressure in the whole system gave out, wherefore the foot-braking system failed. He stated upon inspection of the brakes he discovered a defective cup seal, and that one of the cup seals was gone.

He testified that the hand brake is a separate system from the foot brake and is mechanically operated. The failure of the foot brake caused brake fluid to leak into the brake cylinder. The effect of this leak was that it lessened the braking effectiveness of the hand brake, although he believed there still was some braking action left in the hand brake.

A review of the record shows that the jury could conclude that Olson was not negligent in causing or discovering the brake defect, and that there was a sudden, unforeseen failure of the brakes required by statute. The statute reads:

"347.35 BRAKES. (1) *Motor vehicles.* No person shall operate any motor vehicle, other than a motor driven cycle, upon a highway unless such motor vehicle is equipped with brakes adequate to control the movement of and to stop and hold such vehicle and capable of meeting the performance specifications set forth in s. 347.36. There shall be 2 separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least 2 wheels. If

these 2 separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism will not leave the motor vehicle without brakes on at least 2 wheels. One of the means of brake operation shall consist of a mechanical connection from the operating lever to the brake shoes or bands and this brake shall be capable of holding the vehicle, or combination of vehicles, stationary under any condition of loading on any up grade or down grade upon which it is operated."

There is ample evidence to sustain the jury's finding that Olson was not negligent in any respect unless, as appellants contend, the statute above quoted is a safety statute whose violation is negligence as a matter of law and the malfunction of the required brakes admits of no excuse.

The question here is whether the sudden, unforeseen failure of the brakes required by statute is an inexcusable violation of sec. 347.35, Stats., as a matter of law resulting in civil liability or whether this presented a question of negligence for the jury.

In *Prunty v. Vandenberg* (1950), 257 Wis. 469, 44 N. W. (2d) 246, the foot brakes of the defendant's truck gave out unexpectedly but he did not apply an admittedly insufficient hand brake. In the present case the evidence shows that there was a sudden failure of the foot brake and a simultaneous partial failure, at least, of the previously adequate hand brake when Olson tried to use that. Therefore, the holding in the *Prunty Case, supra,* that there was a violation of sec. 85.67, Stats., the forerunner of sec. 347.35, is not applicable to the present case.

The mere failure of brakes is not conclusive of negligence although it may be a technical violation of a safety statute. *Allman v. Yoder* (Mo. 1959), 325 S. W. (2d) 472, 476, 477. A sudden, unforeseen failure of brakes is considered a legal excuse for a technical violation of these statutes if no negligence is found to have occurred on the part of the

operator of the vehicle. *Schaeffer v. Caldwell* (1948), 78 N. Y. Supp. (2d) 652, 656, 273 App. Div. 263. See 2 Blashfield, Cyc. Automobile Law and Practice (perm. ed.), p. 7, sec. 826; 8 Am. Jur. (2d), Automobiles and Highway Traffic, pp. 252, 253, sec. 702. The question of negligence is properly for the jury. *Schaeffer v. Caldwell, supra,* at page 661.

In *Amelsburg v. Lunning* (1944), 234 Iowa 852, 14 N. W. (2d) 680, the Iowa court reiterated its previous definition of legal excuses which will excuse compliance with statutory or ordinance requirements. The court said (p. 857):

"In Kishing v. Thierman, 214 Iowa 911, 916, 243 N. W. 552, 554, this court defined legal excuse as:
" '1. Anything that would make it impossible to comply with the statute or ordinance.
" '2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance.
" '3. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute.
" '4. Where a statute specifically provides an excuse or exception.' "

In the *Amelsburg Case, supra,* the defendant had had his brakes inspected and serviced four months before the collision and thereafter they had operated properly. On this occasion slush had got into the brakes where it had frozen, which prevented the brakes from functioning. The driver had had no occasion to use the brakes until the collision was imminent and had no warning that the brakes did not work. The Iowa court held (p. 858):

"It is our conclusion that it cannot be said that the appellant was negligent as a matter of law in failing to discover the condition of the brakes. We do not feel that it

was necessary for the appellant to establish his legal excuse as a matter of law. We have heretofore held that where there is substantial evidence of legal excuse for the violation of the statute the question is for the jury. [Cases cited.]"

In *Walk v. Boudheim* (1937), 223 Wis. 514, 271 N. W. 27, the brakes of defendant's truck froze unexpectedly. Sec. 347.35, Stats., was not drawn into question; however, we recognized in that case that (p. 517) :

"An accident due to an unforeseen failure of automobile equipment to function because of a condition thereof which is not due to any negligence on the part of the operator, and of which he could not reasonably be expected to have known in the exercise of ordinary care, does not necessarily render him negligent and liable therefor, as a matter of law. [Cases cited.]"

We conclude that under the facts of the present case it was proper for the court to submit to the jury a question of whether Olson was negligent with respect to the condition of the brakes. It was also proper for the court to instruct the jury that if no negligence is found to have occurred on the part of the operator of the vehicle either before or after the unexpected brake failure, the doctrine of emergency would be applicable.

The evidence is such that the speed of Olson's car as it approached the intersection and the time or distance at which he attempted to stop safely behind the Pollack car are all questions for the jury. We consider, also, that evidence on the failure of Olson's brakes to stop his car in time presented a jury question of negligence, not one to be determined as a matter of law.

While the jury was deliberating, a juror went into the courtroom and asked the bailiff whether the jury could receive more information in regard to the braking mechanism. The bailiff informed the juror that they had all the information that they could have and needed. He did not convey

the request to the trial court. Appellants contend that this was an unauthorized communication which requires a new trial.

All communications with the jury by any person after the case has been submitted to them and they have retired for deliberation on their verdict shall be in open court, and in the presence of the parties or their representatives if practical. *Wiedenhaupt v. Hoelzel* (1948), 254 Wis. 39, 41, 35 N. W. (2d) 207.

Communications between the jury and the bailiff under circumstances such as this are not grounds for a new trial unless there is a showing that prejudice resulted. *Wegner v. Chicago & N. W. R. Co.* (1952), 262 Wis. 402, 406, 55 N. W. (2d) 420. That decision was a departure from the strict rule applied in *Wiedenhaupt v. Hoelzel, supra,* that any improper communication called for a new trial. The present circumstances are closer to those in *Wegner* than in *Wiedenhaupt.* In those cases the jury was asking the court for further instructions (*Wiedenhaupt*) and for a rereading by the court of some of the evidence (*Wegner*). In the case at bar the juror asked the bailiff "whether or not there was additional information that the parties [the jurors] could receive in the jury room in regards to the braking mechanism of the vehicle involved." The bailiff told the juror there was not. This request was to the person of the bailiff, not a request by the juror to be put in communication with the court, to ask the court for instructions, or for the court to give the jury more evidence than that which had been already given. Viewing the communication between the bailiff and the juror in the light most favorable to appellants, refusal to give more information regarding the brake system when in fact there was no more information available is not prejudicial to appellants. Although this action of the bailiff cannot be commended, it does not appear to us that this communication in itself was prejudicial.

See 41 A. L. R. (2d) 288, and supplements, for a treatment of this subject. This annotation follows A. L. R.'s report of the *Wegner Case, supra.*

Ida Pollack, by her affidavits, alleges that she overheard this communication between the bailiff and the juror. No attempt was made by her to inform the trial judge or have her attorney inform him of this communication until after the verdict, unfavorable to her, was announced. Her argument on this would be more persuasive if she had not waited to see what the result would have been and then made her objection.

*By the Court.*—Judgment affirmed.