BUNKFELDT, Respondent, v. COUNTRY MUTUAL INSURANCE COMPANY and others, Appellants.

*November 4—November 30, 1965*

For the appellants there were briefs by *Godfrey, Godfrey, Neshek & Conway,* attorneys, and *Alfred L. Godfrey* of counsel, all of Elkhorn, and oral argument by *Thomas G. Godfrey.*

For the respondent there was a brief and oral argument by *Morris Karon* of Milwaukee.

CURRIE, C. J. It was conceded at the trial that plaintiff was free of negligence. The sole issue on this appeal is whether the trial court correctly adjudged defendant Durwood Erickson guilty of causal negligence as a matter of law by directing a verdict in plaintiff's favor.

This case is unusual in that defendant Durwood Erickson did not testify and defendants put in no testimony. But plaintiff and the deputy sheriff who investigated the accident testified on the negligence issue.

Plaintiff testified as follows: He was driving north on Highway 57 at a point where the highway curved to the northwest. When he saw the truck the vehicles were about 250 feet apart and both traveling 45 miles per

hour in their own traffic lanes. The truck turned suddenly into plaintiff's lane and just as suddenly the truck turned back into its own lane. Right after that the truck again suddenly came into plaintiff's lane and the trailer portion struck the front and left side of plaintiff's car. No one was riding with plaintiff. The truck was loaded with baled hay.

The deputy sheriff, when he arrived after the accident, found the dual wheels of the tractor were completely off and had been dragged under the trailer portion of the truck. He talked to Durwood Erickson who stated that he could not control the truck. Erickson then wrote out a statement and gave it to the deputy sheriff. This statement is as follows:

"My truck started to swerve and I didn't think nothing of it at first but then it started to go and I done my best to get it under control but their [sic] was nothing I could do about it and all of a sudden my truck axal [sic] started to go side ways and the car coming and I couldn't get it stoped [sic] or steir [sic] it."

Two of the photographs of the truck verify the deputy sheriff's testimony that the dual wheels of the tractor had become completely separated from the vehicle. There is a complete absence of evidence to explain why the dual wheels of the tractor might have separated from the tractor prior to impact, and whether the defect, whatever it was, would have been observable by reasonable inspection.

Thus we have a situation where the jury could draw a reasonable inference that the dual wheels separated from the vehicle before the impact and that this mechanical failure is why the operator Erickson stated he could not control the vehicle when it went over the center line into the northbound traffic lane. The photographs also show that the baled hay was piled high on the semitrailer, and the jury could also have drawn the reasonable inference that the height of the load together with the speed of 45 miles per hour around the curve is what caused the driver to lose control.

Past decisions of this court have established the principle that the operator of a motor vehicle which crosses over into the wrong traffic lane and there collides with a vehicle proceeding in the opposite direction in its correct traffic lane gives rise to an inference of negligence which is not dissipated until such operator proves that he is without fault.[1] Defendants contend that operator Erickson met this burden of proving himself free of negligence in invading the wrong side of the highway by the evidence which would permit the drawing of the inference that the invasion was due to mechanical failure of the vehicle, viz., the separating of the dual wheels.

The trial court disagreed with this contention because of the failure of defendants to adduce any evidence that the defect causing the dual wheels to separate was not discoverable by reasonable inspection during the course of maintenance.[2] We are in full accord with this determination of the trial court.

Defendants argue that to impose upon the truck operator the burden of showing he was not negligent with respect to inspection and maintenance is to shift the burden of proving the operator's negligence from the plaintiff and require defendants to prove the operator was not negligent. This argument is refuted by the following statement made in *Voigt v. Voigt:* [3]

"We do not hereby revise the rule that an injured plaintiff has the burden of proving that the defendant driver was negligent. However, once having introduced evidence that the defendant driver crossed into the wrong

---

[1] *Voigt v. Voigt* (1964), 22 Wis. (2d) 573, 584, 126 N. W. (2d) 543; *Goldenberg v. Daane* (1961), 13 Wis. (2d) 98, 104, 108 N. W. (2d) 187; *Kempfer v. Bois* (1949), 255 Wis. 312, 314, 38 N. W. (2d) 483.

[2] For evidence sufficient to establish due care with respect to inspection and maintenance where motor vehicle accident is due to mechanical failure, see *Pollack v. Olson* (1963), 20 Wis. (2d) 394, 122 N. W. (2d) 426; *Barber v. Gordon* (1931), 111 Cal. App. 279, 295 Pac. 377.

[3] *Supra,* footnote 1, page 584.

lane, the defendant driver has the burden of going forward with evidence to prove that such invasion was non-negligent."

Plaintiff met his burden of proof in establishing defendant truck driver's negligence when he established that the truck invaded his traffic lane and collided with his automobile. Evidence which would permit the jury to find that such invasion was due to mechanical failure was insufficient to rebut the inference of negligence which arose from the truck's invasion of plaintiff's traffic lane. This is because a mechanical failure does not in itself establish freedom from negligence, any more than does evidence that a vehicle's invasion of the wrong traffic lane was due to skidding on ice. In the one case there is the possibility that the mechanical failure was the result of faulty inspection or maintenance; in the other that the skidding was due to excessive speed or inattentive driving.

*By the Court.*—Judgment affirmed.