Oscar Murov, J.
On November 20, 1967, at about 5:45 p.m., while plaintiff Andrea Spica was operating the vehicle owned by plaintiff Clarice D’Andrea Spica eastbound on the Southern State Parkway in Nassau County she struck a wheel and tire that had just detached itself from defendant’s car. Defendant had just lost his right rear wheel and tire and it landed between two lanes on the highway as plaintiff was following in heavy traffic and as she turned her vehicle to change lanes suddenly she found the wheel and tire directly in front of her without any time to avoid the contact and sustained damages to her vehicle to the extent of $229.50.
The happening of the accident is not disputed, and defendant admitted that he did not examine the wheel and tire of his car for about a year; that he had no recollection as to the last time he put air in his tire, that he purchased tires approximately a year prior to the accident and that they were installed by a garageman at his request; that he experienced no difficulty with the right rear tire just prior to the accident, that he heard no noise nor did he feel any vibration or other indications that anything was wrong with his right wheel except that he felt his car sway, applied his brake and then he felt the right rear of his car “ drop.”
*365 Plaintiffs seek to apply the theory of res ipsa loquitur to the facts in this case and it would appear that said doctrine may he applicable to an accident which has been caused by the detachment of a wheel from the motor vehicle. (Ann. 46 ALB- 2d 110.) Defendant seeks to exclude the instant case from operation of the res ipsa loquitur doctrine, on the ground that, under all of the circumstances shown, it cannot be said that the accident would not have occurred but for defendant’s failure to exercise reasonable care.
Plaintiff may prove the negligence of the defendant by circumstantial evidence, that is by proving facts and circumstances from which negligence may be reasonably inferred, if the instrumentality causing the injury was in the exclusive control of the defendant and if the circumstances surrounding the happening of the accident were of such a nature that in the ordinary course of events it would not have occurred if the person having control of the instrumentality had used reasonable care under the circumstances. The law permits, but does not require, an inference of negligence from the happening of the accident.
In a res ipsa loquitur case, the plaintiff must establish first the nature of the instrumentality which is alleged to have caused the injury and its identity with the defendant (Manley v. New York Tel. Co., 303 N. Y. 18; United States v. Ridolfi, 318 P. 2d 467). The maxim may be invoked only where the circumstances of the case unexplained justify the inference of negligence. If the evidence is capable of an interpretation equally consistent with the presence or absence of a wrongful act, that meaning must be ascribed which accords with its absence and, accordingly, the maxim may be invoked (Galbraith v. Busch, 267 N. Y. 230; Manley v. New York Tel. Co., supra; Cole v. Swagler, 308 N. Y. 325).
It is not necessary for the application of the rule that there be but a single person in control of the instrumentality; where a number of persons are in control and the circumstances are such that the doctrine would otherwise be applicable, it is for them to explain their conduct (Schroeder v. City & County Sav. Bank, 293 N. Y. 370, 374; see Aim. 38 ALB 2d 905; PJI 2:65).
“ The plaintiff’s burden of proof requires him to produce evidence which will permit the conclusion that it is more likely than not that his injuries were caused by the defendant’s negligence. When the probabilities are at best evenly divided between negligence and its absence, it becomes the duty of the court to direct the jury that there is no sufficient proof. The plaintiff need not, however, conclusively exclude all other possible explanations, and so prove his case beyond a reasonable doubt. * * * It is enough that the facts proved reasonably permit the conclusion *366 that negligence is the more prohahle explanation.” (Restatement Second, Torts, § 328 D, p. 159.)
Judge Lehman, in the case of Galbraith v. Busch (267 N. Y. 230) in discussing the applicability of res ipsa loquitur, stated: ‘' So where the instrumentality which produced an injury is within .the exclusive possession and control of the person charged with negligence, and such person has exclusive knowledge of the care exercised in the control and management of that instrumentality, evidence of circumstances which show that the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff is sufficient to justify an inference of negligence and to shift the burden of explanation to the defendant. (Slater v. Barnes, 241 N. Y. 284).”
It is common knowledge that a wheel will not ordinarily leave a car unless there has been a lack of reasonable care in its installation and maintenance. Assuming it to be true, that the tire was not installed by the defendant, but by the seller of the snow tires, defendant’s liability may be founded on the theory of agency.
“ ‘ Agent ’ is a word used to describe a person authorized by another to act on his account or under his control. Included within its meaning are those who, whether or not servants * * * act in business transactions and those who perform only normal labor as servants. An agent may be one for whose physical acts the employer is responsible and who is called an independent contractor in order to distinguish him from a servant, also an agent, for whose physical acts the employer is responsible.” (Restatement, Second, Agency, § 1, p. 11.)
If it is defendant’s contention that the wheel left the automobile as a result of the negligent installation of a third party, it would have been proper that he bring in such party as a third-party defendant. (UDCA, § 408.)
There are numerous cases where, even an employer of a private contractor was held liable under the circumstances involving the res ipsa loquitur theory based upon the absolute duty on the employer’s part to see that due care is exercised by his contractor. (Ann. 21 A.L.R. 1248-1250.)
As stated in the case of McCafferty v. Spuyten Duyvil & Port Morris R.R. Co. (61 N. Y. 178,181): “ The party employing has the selection of the party employed, and it is reasonable that he who has made choice of an unskillful or careless person to execute his orders should be responsible for any injury resulting from the want of skill or want of care of the person employed ”.
With respect to defendant’s contention that plaintiff’s action is barred on the theory of contributory negligence, it has been *367 held that a person is not required to apprehend danger under all conditions, and will not be held guilty of contributory negligence where he failed to observe a danger that he had no reason to apprehend under the circumstances surrounding him at the time (Hart v. State of New York, 192 Misc. 492.) It cannot be said that a person driving an automobile upon a public highway has reason to apprehend that a wheel from another automobile will come loose and enter his path.
I find from the evidence that the plaintiff Clarice D ’Andrea Spica has established her cause of action in negligence against the defendant without any contributory negligence on the part of Andrea Spica, driver of a vehicle, and therefore grant judgment against the defendant in the sum of $229.50.