# GENEVIEVE INEZ HOLTEN v. SEWARD IRVING PARKER.

224 N. W. 2d 139.

November 15, 1974—No. 44460.

*Larson, Bryngelson, Ahl, Greensweig & Halberg* and *R. Scott Bryngelson,* for appellant.

*Altman, Geraghty, Mulally & Weiss* and *James W. Kenney,* for respondent.

Heard before Rogosheske, Todd, Scott, and Knutson, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Plaintiff appeals from an order denying her motion for a new trial. Defendant's vehicle, after losing a wheel, went out of control and crossed the median, striking plaintiff's vehicle. The jury returned a special verdict finding that the collision was an unavoidable accident and in accordance with the court's instructions made no further determination as to defendant's negligence. We reverse and remand for a new trial.

The facts are not in dispute. The accident occurred about 6:45 a. m. on the morning of May 24, 1971, on U. S. Highway No. 61 near Berg Street in St. Paul. At that point, and at that time, Highway No. 61 was four-laned, divided by a cement median, with a speed limit of 65 miles per hour.

Plaintiff was traveling north in the left lane at approximately 50 miles per hour. Defendant was driving south on Highway No. 61 in the right lane at approximately 50 miles per hour. Without warning, defendant's pickup truck veered left, crossed the median, and struck plaintiff's car. Defendant testified that he had experienced no trouble in handling the truck and heard no unusual noises prior to the accident. When the truck veered left, he tried to steer right but could not control it. He subsequently discovered that the left rear wheel had fallen off his truck.

Plaintiff first saw defendant's truck when it was on the median heading toward her vehicle. The truck struck her vehicle on the right front and right side. She suffered a broken arm and dislocated shoulder which required subsequent hospitalization

and time off from work. The court directed that plaintiff was free of any negligence. The jury assessed her damages at $9,000.

Dennis D. Nielsen was driving north on Highway No. 61 directly in front of plaintiff. He observed defendant's truck for a distance of 2 or 3 blocks. He saw the truck, proceeding at a normal speed in the right-hand, southbound lane, shudder, cut left sharply, and hit the median. By accelerating, Nielsen avoided being hit, but immediately returned to the accident scene.

Nielsen and defendant inspected the truck and found that the left rear wheel was missing. They found that one bolt was snapped off, that all of the lug nuts were gone, but that the threads on the remaining bolts were in perfect condition. On cross-examination, Nielsen speculated that he and defendant thought someone had attempted to steal the wheel. Defendant did not locate either the wheel or the hubcap at the scene of the accident.

Defendant testified that the left rear wheel had not been removed since he had snow tires installed in October 1970. He had watched the installation and knew that all of the lug nuts were replaced securely at that time. In addition, he had removed the hubcaps to paint them in January or February 1971 and had observed that all of the lug nuts were in place. Shortly before the accident, he had had the truck serviced but did not change the snow tires on the rear wheels of the vehicle.

At the close of the evidence, the court ruled on various requested instructions in chambers. Plaintiff requested instructions as to an inference of negligence for crossing the centerline[1] and as to res ipsa loquitur. The court agreed to read Minn. St. 169.18, subd. 9,[2] but refused to give either requested instruction.

---

[1] Minn. St. 169.96 provides in part: "In all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

[2] Minn. St. 169.18, subd. 9, provides as follows: "Whenever any highway has been divided into two or more roadways by leaving an inter-

The court gave the following instruction as to unavoidable accident over plaintiff's objection:

"Now, one of the issues in this case which is going to be submitted to you, and which is presented by the facts as they have appeared in testimony is whether or not this particular accident was a so-called unavoidable accident. You are instructed that an unavoidable accident is defined as an unintentional occurrence which could not have been prevented by the exercise of reasonable care. And reasonable care of course I have just defined for you as that care which a reasonably prudent person would have exercised under the same or like circumstances."

The court also gave the following instruction as to the emergency doctrine, to which plaintiff excepted:

"You are further instructed that a person confronted with an emergency through no negligence of his own who, in an attempt to avoid the danger, does not choose the best or safest way, is not negligent because of such choice unless the choice was so hazardous that a reasonable person would not have made it under like circumstances."

The court instructed the jury as to a special verdict form as follows:

"QUESTION 1: Was the collision of May 24, 1971, an unavoidable accident?
There is a place then for the answer to be inserted, and the answer of course would be 'yes' or 'no'.

"QUESTION 2: If you answer Question 1 'no' then answer this

---

vening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the righthand roadway unless directed or permitted to use another roadway by official traffic-control devices or police officers. No vehicle shall be driven over, across, or within any such dividing space, barrier section, except through an opening in such physical barrier, or dividing section or space or at a crossover or intersection established by public authority."

question: At or prior to the collision of May 24, 1971, was the Defendant, Seward I. Parker, Jr., negligent? And if you are required to answer Question 2 then that answer, of course, could be 'yes' or 'no'.

"QUESTION 3: If you answer Question 2 'yes' then answer this question: Was such negligence which you so find a direct cause of the collision? And the answer to that question, if required to be answered, would be, of course, 'yes' or 'no'.

"I believe that the questions are clearly stated, but I would instruct you not to answer any questions unnecessarily or which are not required to be answered because of some previous answer to a question.

"No matter what your answers are to the preceding questions you will answer the following question:

"QUESTION 4: Plaintiff, Genevieve I. Holten, suffered damages as a result of her personal injuries, hospital and medical expenses in the amount of:

And then you are to insert therein the answer—a dollar and cents figure, taking into account the law and the rule of damages as I have previously explained it to you."

The jury answered question 1, "Yes," in accordance with the court's instruction did not answer question 2 or 3, and answered question 4 by assessing plaintiff's damages in the amount of $9,000.

Plaintiff raises the following issues on appeal: (1) Whether the court erred in instructing as to unavoidable accident or in placing this question first in the special verdict form; (2) whether the court erred in refusing to instruct as to res ipsa loquitur; (3) whether the court erred in refusing to instruct that an inference of negligence on the part of an actor who drives across a median must be raised; (4) whether the court erred in instructing as to the emergency doctrine.

1. This case again presents to our court the difficult problem involved in the use of the unavoidable-accident instruction, and

as more emphatically demonstrated in this case, its placement as the first question in the special verdict form to the exclusion of the determination of defendant's overall negligence. Plaintiff, in objecting to the submission of the issue of unavoidable accident, did not object to the form of the verdict question. Defendant contends that plaintiff's failure to object to the form of the question constitutes a waiver of any objection. Thielbar v. Juenke, 291 Minn. 129, 189 N. W. 2d 493 (1971). We conclude, however, that in this case the objection to the submission of the question in the first instance necessarily includes the form of submission. Therefore, the matter is properly before us for review.

The law as to the applicability of an unavoidable-accident instruction was succinctly summarized in Ronnigen v. Sonterre, 274 Minn. 138, 143, 143 N. W. 2d 53, 57 (1966):

"* * * In a few jurisdictions, instructions on unavoidable accident are now disapproved in all cases. [See cases collected in Annotation, 65 A. L. R. 2d 12, and particularly Butigan v. Yellow Cab Co. 49 Cal. 2d 652, 320 P. 2d 500, 65 A. L. R. 2d 1 (1958).] Our cases have indicated that the concept has a very restricted application [See, Lestico v. Kuehner, 204 Minn. 125, 283 N. W. 122 (1938)], and that it should be limited to cases where there is some evidence of causation by an act of God or acts chargeable to an unknown party. [See, Rahja v. Current, 264 Minn. 465, 119 N. W. 2d 699 (1963).] We have also held that the failure to give such an instruction, even where it might have been appropriate under the facts, is not reversible error where the jury is fully instructed on negligence, proximate cause, and burden of proof. [See, Botz v. Krips, 267 Minn. 362, 126 N. W. 2d 446 (1964).]

"On the other hand, we have said that the instruction on unavoidable accident is common; is almost a part of the definition of negligence; and is error without prejudice when inappropriately given. [See, Daly v. Springer, 244 Minn. 108, 69 N. W. 2d 98 (1955).]"

In Botz v. Krips, 267 Minn. 362, 369, 126 N. W. 2d 446, 451 (1964), we also said:

"* * * In a few jurisdictions instructions on unavoidable accident are now disapproved. It has been said that such instruction merely restates a phase of the law of negligence, serves no useful purpose, in effect overemphasizes the defendant's case, is apt to confuse and mislead, and should not be given."

We have not precluded the giving of such an instruction and we do not so do at this time although we reiterate that the utmost caution is to be exercised in the use of this instruction. The facts of this case probably permit the submission of the issue to the jury. However, we do hold that unavoidable accident is only an element of an individual's negligence. The error in this case occurred in isolating one ultimate fact of defendant's negligence, submitting this as a special question to the jury, and using their answer to preclude the overall evaluation of his negligence. Under no circumstances can the ultimate fact question of unavoidable accident be submitted to the jury. Rather, under the facts of this case it would have been permissible to give the usual instruction on unavoidable accident as part of the general instructions to the jury as to how they should determine defendant's negligence.

The error of the trial court with reference to the use of the unavoidable-accident question requires a new trial. Therefore, it seems appropriate that we should comment on the other assigned errors so as to expedite the new trial.

2. The doctrine of res ipsa loquitur in Minnesota is merely one form of circumstantial evidence creating a permissive inference of negligence. Rule 43.06, Rules of Civil Procedure.[3] There are three requirements for the application of the doctrine under our decisions. They are as follows:

"* * * (1) Plaintiff must have been injured by an apparatus

---

[3] See, also, Prosser, Torts (3 ed.) § 40.

or instrumentality whose nature is such that injury is not ordinarily to be expected in the absence of negligence; (2) at the time of the injury, both inspection and user must have been in the exclusive control of the defendant; and (3) the injurious condition or occurrence must not have been due to any voluntary action on the part of plaintiff." Johnson v. Coca Cola Bottling Co. 235 Minn. 471, 476, 51 N. W. 2d 573, 576 (1952).

Defendant's position is that the court's refusal to give the res ipsa instruction was correct as part 1 of the above test was not satisfied. The minority view supports this contention.[4] However, the majority of cases holds that res ipsa loquitur applies in such a situation. E. g., McLaughlin v. Lasater, 129 Cal. App. 2d 432, 277 P. 2d 41 (1954); Spica v. Connor, 56 Misc. 2d 364, 288 N. Y. S. 2d 719 (1968); Harless v. Ewing, 81 N. Mex. 541, 469 P. 2d 520 (1970). "It is common knowledge that a wheel will not ordinarily leave a car unless there has been a lack of reasonable care in its installation and maintenance." Spica v. Connor, 56 Misc. 2d 364, 366, 288 N. Y. S. 2d 719, 723.

The doctrine only applies where the apparent cause of the accident is such that defendant would be solely responsible for any negligence connected with it. If "an unexplained accident may reasonably be attributed to one or more causes for which the defendant is not responsible, it is error to apply the rule as a basis for a permissive inference of negligence." Boutang v. Twin City Motor Bus Co. 248 Minn. 240, 244, 80 N. W. 2d 30, 36 (1956). This is still the law in Minnesota. See, Bossons v. The Hertz Corp. 287 Minn. 29, 176 N. W. 2d 882 (1970).

We adopt the rule in conformance with the majority of courts that in accidents where a wheel becomes disengaged from a moving vehicle the doctrine of res ipsa loquitur is applicable except where defendant offers evidence establishing that he is not solely responsible for any negligence connected with the loss of the wheel. The evidence in this case indicates that defendant of-

---

[4] See, Annotation, 46 A. L. R. 2d 110, and later case service.

fered no testimony regarding the circumstances relative to the loss of the wheel. In cross-examination, defendant's witness, Nielsen, speculated as to the cause but no evidence was offered to render this anything but pure speculation. On retrial, it will be the obligation of defendant to produce reasonable evidence for the trial court to consider in determining whether to apply the doctrine of res ipsa loquitur.

3. Plaintiff also alleges error by the trial court in failing to instruct that an inference of negligence must be raised on the part of a driver who crosses a median or centerline. This allegation is based on the court's refusal to give the following instruction:

"You are hereby instructed that when the operator of a motor vehicle which crosses into the wrong traffic lane and collides with a motor vehicle in its correct traffic lane gives rise to an inference of negligence.

"You are further instructed that when, as here, the Plaintiff has introduced evidence establishing that the Defendant driver crossed into the wrong lane, the Defendant driver has the burden of producing evidence to prove that he was not negligent in so doing.

"You are further instructed that the Defendant must establish that any defect causing the vehicle to cross-over into the wrong traffic lane was not discoverable by reasonable inspection during the course of maintenance. It is not sufficient that the Defendant merely establish a mechanical failure because this does not in itself establish freedom from negligence."

This instruction is based upon the case of Bunkfeldt v. Country Mutual Ins. Co. 29 Wis. 2d 179, 138 N. W. 2d 271 (1965). The trial court properly distinguished that case. In Bunkfeldt, the plaintiff's car was struck by defendant's truck when it suddenly crossed from the southbound into the northbound lane. The court held that when a vehicle crosses over into the wrong lane and collides with a vehicle proceeding in the opposite direction, an

inference of negligence arises "which is not dissipated until such operator proves that he is without fault." 29 Wis. 2d 183, 138 N. W. 2d 272. The court added, quoting from a previous case, Voight v. Voight, 22 Wis. 2d 573, 126 N. W. 2d 543 (1964):

" 'We do not hereby revise the rule that an injured plaintiff has the burden of proving that the defendant driver was negligent. However, once having introduced evidence that the defendant driver crossed into the wrong lane, the defendant driver has the burden of going forward with evidence to prove that such invasion was nonnegligent.' " 29 Wis. 2d 183, 138 N. W. 2d 273.

In Bunkfeldt, the defendant put in no testimony and thus failed in his burden of going forward with the evidence. The trial court in the case before us reasoned that defendant more than met such a burden with the testimony and evidence offered at trial. Thus, the instruction based on Bunkfeldt was inapplicable.

The crossing of the centerline as any other traffic violation is prima facie evidence of negligence in Minnesota.[5] Plaintiff implies that the court refused to read Minn. St. 169.96. The fact is that plaintiff simply neglected to request such a reading.[6] The cases cited by plaintiff all pertain to § 169.96. In Simon v. Carroll, 241 Minn. 211, 215, 62 N. W. 2d 822, 826 (1954), this court elaborated on the prima facie case that arises by statute:

"* * * It follows that, pursuant to § 169.18, subd. 1, *despite the existence of any custom to the contrary,* the act of driving a motor vehicle to any extent whatever to the left of the center line of a roadway of sufficient width, constitutes prima facie evidence of negligence (§ 169.96) and the prima facie case so established must prevail against the violator in the absence of countervailing evidence showing a statutory or other reasonable ground for such violation."

---

[5] Minn. St. 169.96. See, footnote 1.

[6] Plaintiff did list the failure to read Minn. St. 169.96 as error in her motion for judgment n.o.v. or a new trial. However, the trial court's instructions included the rule of law embodied in Minn. St. 169.96.

It would seem that the burden thereby imposed on the defendant is similar to that in Wisconsin, one of going forward with evidence showing he was not negligent. The prima facie case established by the violation would be sufficient to survive a motion for directed verdict at the close of the plaintiff's evidence. However, once testimony is offered to rebut the prima facie case, the statute would no longer be of effect. Again, defendant's testimony appears sufficient to show a reasonable ground for the median violation.

4. Plaintiff's final allegation of error is based on the court's instruction as to the emergency doctrine.[7] A review of the record indicates that this instruction was possibly superfluous as it is nowhere alleged or argued that defendant was negligent in the operation of his pickup truck after the wheel was detached. On retrial, the emergency doctrine instruction should not be given unless other evidence is introduced which would require its submission.

Reversed and remanded.

---

[7] The trial court charged the jury pursuant to Jury Instruction Guide II, 110 G-S, 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.). Plaintiff indicates in her brief that the trial court never advised counsel that this instruction would be given. Counsel raised this point after the instructions were given.