Harvey A. JANSSEN, as Trustee for the Heirs and Next of Kin of Gary Lee Janssen, Deceased, and Harvey A. Janssen, Individually, Appellant,

v.

Clarence E. NEAL, Respondent.

No. 46401.

Supreme Court of Minnesota.

July 8, 1977.

Prindle, Maland & Stennes and William D. Prindle, Montevideo, for appellant.

Winter, Lundquist, Sherwood, Athens & Pedersen and Bruce E. Sherwood, Wheaton, for respondent.

Heard before KELLY, TODD and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This is the second appeal to this court involving a wrongful death action to recover damages for the death of Gary Janssen, a minor, who died when the motorcycle he was driving collided with a pickup truck driven by defendant, Clarence Neal. The action was first tried to a jury in the District Court, Chippewa County. The jury assessed damages for plaintiff at $25,000, but found decedent and defendant each 50-percent causally negligent. Plaintiff subsequently appealed to this court from a judg-

ment entered for defendant. In *Janssen v. Neal*, 302 Minn. 177, 223 N.W.2d 804 (1974), this court reversed and remanded for a new trial solely on the issue of negligence because of erroneous instructions to the jury. On remand a second jury found that neither decedent nor defendant was negligent. Plaintiff moved for a judgment n. o. v. or for a new trial. This appeal follows the denial of these motions by the trial court and entry of judgment for defendant. Reversed and remanded.

This appeal presents three issues:

(1) Whether under the facts of this case appellant established as a matter of law that defendant was negligent because of an unexcused violation of Minn.St.1971, §§ 169.48, 169.50, subd. 1, which required that a vehicle be equipped with at least one red taillight visible from 500 feet if driven one-half hour after sunset.

(2) Whether under the facts of this case the trial court erred in instructing the jury on the basic speed statute with respect to decedent.

(3) Whether under the facts of this case the verdict by the jury finding neither decedent nor defendant negligent is perverse.

The collision giving rise to this action occurred on July 31, 1971, at approximately 9:30 p. m. on a straight and level section of a two-lane blacktop highway. The weather was clear, the road dry. The light condition was dusk, bordering on darkness. Sunset occurred 40 minutes before the accident. Defendant was driving a blue 1949 one-ton Chevrolet pickup truck loaded with grain behind a self-propelled combine. The pickup was equipped with a single 3-inch by 2½-inch red taillight attached to the left rear of the truck frame, and a red reflectorized strip across the tailgate. The taillight was powered by a 3 candle power bulb. Both the pickup and the combine were traveling about 15 m. p. h.

Decedent was driving a motorcycle with a single headlight and was traveling in the same direction as the pickup. The motorcycle collided with the left rear of the pickup box, leaving 10 feet of skid marks. The

collision did not appear at first to have caused any severe injury or severe property damage. At the scene of the accident, the only apparent injury to decedent was that he was unconscious and bleeding from his nose. He subsequently died from a basal skull fracture. Damage to decedent's motorcycle consisted of a broken rear wheel, damaged headlight, fender, and speedometer, and bent handlebars. The damage to defendant's truck consisted of a bent license plate, a bent angle iron on the corner of the truck box, and a bent fender.

At trial plaintiff argued that the cause of the accident was the failure of defendant to maintain a proper light on his pickup. Specifically, plaintiff argued the accident occurred because an improperly lighted pickup was following a brightly lighted combine and that decedent could see the silhouette of the combine but not the pickup.

■ 1. Plaintiff argues the trial court erred in failing to direct a finding of negligence against respondent on the basis of violation of Minn.St.1971, § 169.50, subd. 1. That statute provided:

"Every motor vehicle and every vehicle which is being drawn at the end of a train of vehicles shall be equipped with at least one tail lamp, exhibiting a red light plainly visible from a distance of 500 feet to the rear. And further, every such above-mentioned vehicle, other than a truck-tractor, registered in this state and manufactured or assembled after January 1, 1960, shall be equipped with at least two tail lamps mounted on the rear, on the same level and as widely spaced laterally as practicable, which, when lighted as herein required, shall comply with the provisions of this section."

Violation of the statute by defendant would constitute prima facie evidence of negligence and not negligence per se.[1] Once a violation was established defendant would have been required to go forward with evidence which would establish that there was reasonable excuse for such violation, or which would justify a reasonable assumption that under the circumstances present such a violation was not negligent and therefore would not reasonably endanger the persons entitled to the protection of the act. *Holten v. Parker*, 302 Minn. 167, 224 N.W.2d 139 (1974). Under the facts of this case, the trial court would have erred in refusing to grant appellant's motion for a directed verdict only if the facts viewed most favorable to defendant indicated that different persons could not reasonably come to different conclusions.

■ In this respect, the evidence offered about the condition of the taillight on defendant's truck fulfills the requirement outlined above. Pictures introduced at trial indicate the inside of the taillight was completely covered with a heavy coat of dust sufficient to make the inside surface of the light virtually opaque. This, joined with the fact the bulb itself was only 3 candle power, and defendant's testimony that he had to bend over to wipe the lens to see if the taillight was working, dictates that the violation of the statute which occurred should have resulted in a directed finding of negligence on the part of defendant. Proximate cause would still remain, but a duty and a breach of that duty would be established.

■ 2. Plaintiff argues that the trial court erred in instructing the jury on the basic speed statute[2] with regard to the

---

1. Minn.St. 169.96 provides in part: "In all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

This is thus an exception to the general rule in Minnesota that violation of a statute constitutes negligence per se. See, e. g., *Osborne v. McMasters*, 40 Minn. 103, 105, 41 N.W. 543, 544 (1889); Note, 19 Minn.L.Rev. 666.

2. The court gave the following instruction in reference to speed, based on Minn.St.1971, § 169.14, subds. 1 and 2:

"It is provided by law that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with the legal requirements and duty of all

conduct of decedent. This argument cannot be sustained, however, for two reasons. First, the jury did not find decedent negligent. Thus, there is no basis on which to argue the instruction was prejudicial. Second, this issue was decided in the first appeal and became the law of the case. On the first appeal, this court stated (302 Minn. 185, 223 N.W.2d 809):

> "Plaintiff contends that the undisputed physical facts of the accident conclusively negate as a matter of law speed as a causal factor in the collision. If, however, the testimony of decedent's companions with respect to speed prior to the accident was properly admitted, the jury could draw the inference that decedent was traveling unreasonably fast in approaching the accident scene, raising the issue of speed. *And even in the absence of that testimony, the mere happening of the accident may be sufficient to raise that issue where the accident possibly could have been avoided if decedent had been traveling more slowly than he was.* In either case, there was some evidence from which the jury could reasonably infer that decedent's speed was excessive and was a direct cause of the collision. With decedent's speed a proper issue in this case, plaintiff's requested instruction would have improperly removed that issue from the jury's consideration, and the basic speed statute was properly given to the jury." (Italics supplied.)

3. We need not decide the third issue raised on appeal, namely, whether the verdict was perverse, since there must be a new trial. The trial court should have directed the jury that under the facts of this case defendant was negligent as a matter of law. The question of proximate cause and of decedent's negligence were properly left to the jury.

Reversed and remanded for a new trial.

persons to use due care. So far as applicable in this case and at the time of the event, where no special hazards exist a speed of 65 miles per hour during the daytime and 55 miles per hour at night shall be lawful, but any speed in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful."